# Conneaut Lake Agricultural Association *v.* Pittsburg Surety Company, Appellant.

*Contract—Arbitration clause—Engineer.*

1. Where a building contract provides that all differences arising under or in reference to the agreement or to its performance or in any way connected with the work shall be referred to the engineer of the owner, whose decision shall be final and binding, the engineer's decision as to all matters relating to the performance or nonperformance of the work, is binding and conclusive; and in such a case an engineer has power to award damages for the delay in completing the work.

2. Agreements to refer disputes to arbitration will be sustained and upheld, where the power to pass upon the subject-matter in dispute is clearly given to the arbitrator by the terms of the agreement.

3. A suit brought by the owner against the contractor and subsequently discontinued is not a waiver of the arbitration clause in the building contract; and the bringing of such a suit cannot be set up as a defense in a subsequent action against the surety of the contractor.

4. Where under the terms of a building contract it is provided that all disputes shall be referred to an arbitrator and the arbitrator meets and notifies the contractor and the surety of the place of meeting and neither the surety nor the contractor appear, the surety in a suit on the award is not in position to raise questions which if they had any merit should have been raised by the contractor and which were clearly within the jurisdiction of the arbitrator chosen by the parties to the contract to decide all matters of difference between them connected in any way with the work.

Argued April 27, 1909. Appeal, No. 52, Jan. T., 1909, by defendant, from order of C. P. Crawford Co., May T., 1908, No. 123, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Conneaut Lake Agricultural Association v. Pittsburg Surety Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit on a bond. Before BOUTON, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*John P. Hunter,* with him *Manley O. Brown, E. Lowry Humes* and *George J. Shaffer,* for appellant.—The institution of a suit by one party against the other after the submission has been entered into, and before an award has been made, the cause of action being the subject of the arbitration, will operate to revoke, by implication, the agreement to arbitrate: Whelen v. Boyd, 114 Pa. 228; McKenna v. Lyle, 155 Pa. 599; Fayette County v. Laing, 127 Pa. 119; Wright v. Ins. Co., 110 Pa. 29.

If the arbitrator, in making his alleged award, took into consideration matters not included in the arbitration clause, or failed to take into consideration matters which were fairly included in its language, the award is void: Lauman v. Young, 31 Pa. 306; Dobbling v. Railway Co., 203 Pa. 628.

It is well settled that, to take from a party his remedy at law, is in derogation of civil rights, and where such is the effect of an agreement to arbitrate, the language of the agreement must be unequivocal and the party setting up such an agreement must show that the breach comes clearly within the scope of such submission: McGovern v. Bockius, 10 Phila. 438; Lauman v. Young, 31 Pa. 306; Dobbling v. Railway Co., 203 Pa. 628; Chandley v. Cambridge Springs, 200 Pa. 230.

*Frank J. Thomas,* of *Thomas & Thomas,* for appellee.—The award was binding and conclusive upon the appellant: Monongahela Navigation Co. v. Fenlon, 4 W. & S. 205; Frederick v. Margwarth, 221 Pa. 418; O'Reilly v. Kerns, 52 Pa. 214; Reynolds et al., Executors, v. Caldwell, 51 Pa. 298; Wightman v. Pettis, 29 Pa. 283; Howard v. Allegheny Valley R. R. Co., 69 Pa. 489; Hartupee v. City of Pittsburg, 97 Pa. 107.

The bringing of suit by appellee against L. C. Klosterman & Company was not a waiver of the arbitration clause: Barclay v. Deckerhoff, 171 Pa. 378; Hamilton v. Hart, 109 Pa. 629.

The appellant was not obliged to discontinue the suit before proceeding against the appellant, as surety upon said

bond, but might have proceeded against both simultaneously and until satisfaction was received: King v. Blackmore, 72 Pa. 347; Cope v. Smith, 8 S. & R. 110; Findlay & Hay v. Keim, 62 Pa. 112; Irvine v. Lumbermen's Bank, 2 W. & S. 190; Cornelius v. Vanarsdallen's Admr., 3 Pa. 434; Hessenbruch v. Markle, 194 Pa. 581; Blackburn v. Watson, 85 Pa. 241; Noble v. Thompson Oil Co., 69 Pa. 409.

OPINION BY MR. JUSTICE POTTER, October 11, 1909:

The appellant in this case was sued, in its capacity as surety upon a contractor's bond. In the statement of claim by plaintiff it is averred that the defendant, the Pittsburg Surety Company, had duly executed and delivered to plaintiff a bond, of which a copy was attached, and by which defendant bound itself in the sum of $3,500 "for the faithful performance on the part of L. C. Klosterman & Co., of Pittsburg, Pa., of all and every the covenants, agreements and conditions to be kept and performed by the said L. C. Klosterman & Co., contained in a certain contract entered into between the plaintiff and the said L. C. Klosterman, dated the 12th day of May, 1905." The contract referred to, which was attached to and made part of the statement, was for the construction of a race track on plaintiff's grounds at Exposition Park, Crawford County, Pa., for the total cost of $3,500. The work was to be done "under the direction and inspection of the company's engineer and to the full satisfaction and acceptance of the engineer." The contract also provided that "all questions, differences, etc., which may arise between the company and the contractor under, or in reference to this agreement, these specifications or to its performance or nonperformance or the work to which they relate, or in any way connected with the work will be referred to the engineer and his decision will be final and binding."

The contract required the work to be completed within fifty days from its date, and provided that, if the contractors should fail to complete it as agreed, they should forfeit the sum of $100 for every day, excluding Sundays, that it should "remain unfinished after the time agreed upon (for) its com-

pletion, the sum so forfeited to be retained as liquidated and ascertained damages out of any money that may then be due or owing, or may hereafter become due or owing to the said contractor, on account of his work under this contract."

The statement further averred that the contractors had failed to carry out or comply with their covenants and undertakings in the said contract, to the damage of plaintiff in the sum of $3,700.30, and that "upon violation of the contract as aforesaid on the part of L. C. Klosterman & Co., the plaintiff, as is provided in Section Eleven of said contract, presented and proved its claim for damages before W. T. Dutton, the duly authorized and appointed engineer of the said plaintiff, who after due notice given to all parties in interest, reported upon the same, a copy of which report or decision is hereto attached and marked Exhibit 'C' and made a part hereof."

By the award of the engineer it appeared the plaintiff had referred its claim for damages to him and that he had appointed a meeting for the purpose of considering them, of which notice was given to the plaintiff, to the contractors and to the surety company, defendant. Neither of the latter parties appeared at the time fixed or at any other time before the engineer. The engineer found and assessed damages sustained by the plaintiff from the failure of Klosterman & Co., to fulfill the contract, in the sum of $3,700.30. Suit was thereupon brought in the present case to recover the full amount of the bond. An affidavit of defense was filed, in which was set up in the first place a pending and undetermined suit brought before the award of the engineer was made, directly upon the contract by plaintiff against L. C. Klosterman & Co., the contractors. It appears, however, from the opinion of the court below that after the affidavit of defense was filed, the former suit was discontinued, by leave of court, nunc pro tunc as of a date prior to the commencement of the present suit.

In the affidavit of defense the validity of the award was denied, and it was averred that the matters passed upon by the engineer were not within the terms of the submission as contemplated in the contract. It was also alleged that the

engineer who made the award was not the same person who was engineer for plaintiff when the work was begun, and that the award was fraudulent and void, and was improperly secured by plaintiff. No specifications were made of the alleged fraud, except that the award bore date, December 20, 1907, which was prior to the last hearing before the engineer on March 12, 1908. Plaintiff, however, was permitted to amend its statement by averring that the date, December 20, 1907, was a clerical error, and that the award was not actually made until April 20, 1908. This averment is not denied by defendant.

Upon a rule for judgment, the court below held that the bringing of the prior suit against the contractors could not be pleaded in bar in this case and that both the contractors and the surety company were concluded by the award of the engineer as to the liability of the former under the contract, and as to the amount of damages sustained. Judgment was entered against defendant for want of a sufficient affidavit of defense in the full amount of the bond.

It is firmly settled by the law of Pennsylvania that agreements to refer disputes to arbitration, will be sustained and upheld, where the power to pass upon the subject-matter in dispute, is clearly given to the arbitrator, by the terms of the agreement: Hunn v. Institution, 221 Pa. 403; Somerset Borough v. Ott, 207 Pa. 539.

The terms of the submission in the case at bar as noted above, were:

All questions, differences, etc., which may arise between the company and the contractor under or in reference to this agreement, these specifications, or to its performance, or the work to which they relate, or in any way connected with the work, will be referred to the engineer, and his decision will be final and binding.

This language, it will be seen, is very broad and seems to cover all the questions passed on by the engineer and enumerated in his award. They all relate to the performance or nonperformance of the agreement, and are connected with the work to be done thereunder. The contention that the engineer

had no power to award damages for the delay in completing the work, is met by the principles laid down by this court, in Clark & Sons Co. v. Pittsburg, 217 Pa. 46, in construing an agreement in which similar broad powers to arbitrate were conferred upon the director of the department of public works.

There is no merit in the suggestion that the bringing of a suit against the contractors was a waiver of the arbitration clause. This suit was not brought to trial, but was discontinued. The ruling of the trial judge in this respect is amply supported by the case of Barclay v. Deckerhoff, 171 Pa. 378. We might add, that this is hardly a proper question to raise in the present case. The parties are not the same. This is a suit upon the bond of the surety company, while the former suit was brought directly upon the contract, against the contractors. We agree with the court below, that the affidavit of defense is insufficient to prevent judgment against the surety. The award was conclusive and binding upon it. The appellant was notified of the time and place of hearing before the arbitrator. It did not, apparently, see fit to appear and defend when it had the opportunity to be heard. It is not now in a position to raise questions which if they had any merit should have been raised by its principals, the contractors, and which were clearly within the jurisdiction of the arbitrator chosen by the parties to the contract, to decide all matters of difference between them, connected in any way with the work.

The judgment is affirmed.