LA HAY, INC., Respondent, *v.* PATHE EXCHANGE, INC., Appellant.*

Fourth Department, January 4, 1933.

* Affd., 262 N. Y. ——.

*Frank Gibbons,* for the appellant.

*Edward H. Kavinoky,* for the respondent.

TAYLOR, J.   We find that there is an executed document which may become an executed contract and an arbitrable controversy which is subject to a declaratory judgment; but we find reasons. for our conclusion which are not announced in the record.   Article seventeenth of the contract reads as follows·

## " PICTURES NOT GENERALLY RELEASED.

" *Seventeenth.*   If any one or more of said motion pictures excepting the motion pictures which may be ' roadshown ' shall not be generally released by the Distributor for distribution in the United States during the period beginning May 1st, 1930, and ending August 31st, 1931, each such motion picture shall be excluded from this license unless the Exhibitor shall give written notice to the Distributor not later than thirty days after the said last mentioned date that the Exhibitor elects to exhibit hereunder all such motion pictures.   If written notice of such election be given as aforesaid, the Distributor shall deliver and the Exhibitor shall exhibit each such motion picture when available for exhibition hereunder excepting that any thereof not so ' generally released ' within two years after said last mentioned date shall be also excepted and excluded from this license.   The Distributor shall have the right to exhibit or license the exhibition of any motion pictures so e⁻ ·epted and excluded when and where desired by the Distributor and all claims of the Exhibitor in respect thereof are hereby expressly waived by the Exhibitor."

Whether or not the contract, because of this paragraph, might remain unilateral or become bilateral rested primarily with defendant, appellant.   Under article seventeenth Pathe had the absolute right to " release " any or all or none of the nine pictures involved.

And in case Pathe did not release any pictures there would certainly be no enforcible contract, unless plaintiff took affirmative advantage of said article seventeenth. This plaintiff did not do. The situation is, therefore, the same as those illustrated in the opinions in the cases of *Schlegel Mfg. Co.* v. *Cooper's Glue Factory* (231 N. Y. 459) and *Wemple* v. *Stewart* (22 Barb. 154). Pathe did not bind itself to voluntarily release pictures; but if it did release any, its undertaking became absolute to release upon the terms stated in the agreement. (*Marie* v. *Garrison*, 83 N. Y. 14, 24; *Grossman* v. *Schenker*, 206 id. 466.) Also, La Hay's promise would become binding upon performance by Pathe of that in consideration of which La Hay's promise was given. (*Willetts* v. *Sun Mutual Ins. Co.*, 45 N. Y. 45; *Alexander* v. *Equitable Life Assur. Society*, 233 id. 300; *Wigand* v. *Bachmann-Bechtel Brewing Co.*, 222 id. 272; *L'Amoreux* v. *Gould*, 7 id. 349; 13 C. J. 335.) So if it be later proved, as it is alleged, that pictures were released, there will be a contract capable of enforcement and a controversy which is arbitrable. We find the following arbitrable questions:

(1) Whether any pictures were released.

(2) Whether, if so, Pathe failed in respect to any of its obligations under articles 4 and 5 of the agreement. And

(3) If Pathe did thus fail, the damages suffered by La Hay on account thereof.

We agree with the learned trial court that plaintiff did not waive any rights under the arbitration clause by bringing the equity action, particularly since that action was discontinued with the consent of both parties prior to the institution of this proceeding. (*Loeb* v. *Willis*, 100 N. Y. 231, 235; *Brown* v. *Cleveland Trust Co.*, 233 id. 399, 406; *Barclay* v. *Deckerhoof*, 171 Penn. St. 378; *Conneaut, etc., Assn.* v. *Pittsburg Surety Co.*, 225 id. 592.) This plaintiff is not estopped by any waiver, as, for example, was the defendant in *Matter of Zimmerman* v. *Cohen* (236 N. Y. 15).

The judgment appealed from should be modified on the law by striking out paragraph " 3d " thereof, and by altering paragraphs " 1st " and " 6th " pursuant to this opinion and as thus modified affirmed, without costs. Certain findings of fact and conclusions of law should be reversed or modified and new findings made.

All concur.

Judgment modified on the law in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.