[Civ. No. 30010. Second Dist., Div. Three. Mar. 28, 1967.]

HERBERT SCHWARTZ, Plaintiff and Respondent, v.
SOLOMON LEIBEL, Defendant and Appellant.

Charles L. Lippitt for Defendant and Appellant.

Ronald L. Scheinman and Jacob Paull for Plaintiff and Respondent.

COBEY, J.—This is an appeal from a judgment entered in confirmation of an arbitrator's award of $13,226.03 (aside from costs) against appellant and in favor of respondent.

The sole basis for this appeal is that the arbitrator had no jurisdiction to make the award because respondent, who initiated the arbitration proceedings, had, prior to doing so, waived his contractual rights to such arbitration by first bring-

ing a still-pending suit upon the two contracts involved between the parties for injunctive relief and had thereby made an irrevocable election of remedies.

The appeal is without merit. It is true that on March 16, 1964, respondent did bring an action against appellant, who had been his partner in the practice of medicine, for a permanent injunction restraining him from violating that provision of their written partnership agreement, which he had specifically promised to observe in their subsequent written partnership dissolution agreement, and which forbade him, as the withdrawing partner, from practicing medicine within 10 miles of the location of the medical office of the partnership; that after appropriate proceedings therefor a preliminary injunction to that effect against appellant was obtained on April 7, 1964; and that such injunction, after successful contempt proceedings thereunder against appellant, was duly dissolved on July 2, 1964, on appellant's motion for reasons unrelated to the basis of this appeal.[1]

At this point apparently respondent initiated the arbitration proceedings which culminated in the judgment before us. Appellant did not participate in such proceedings except that, in his answer to respondent's demand for arbitration, he denied the jurisdiction of the American Arbitration Association on the ground of the aforementioned and still pending superior court action brought by respondent against appellant.

In such action appellant filed and argued a demurrer to respondent's complaint, on the sole ground that the above-mentioned partnership agreement between the parties required resort to arbitration rather than to the courts for settlement of the controversy arising out of or relating to the provisions of such agreement. The trial court overruled this demurrer on the express basis that the issuance of an injunction is not within the power of arbitrators. Appellant then opposed the issuance of the previously mentioned preliminary injunction, on the just-stated ground, among others.

Thus appellant's position, both before and throughout this litigation, has been unchanged. Furthermore, it has superficial support in the cases. It has been said and held repeatedly that a right to arbitration is waived by bringing a suit on the basic contract itself without seeking arbitration. (*Ber-*

[1]The record on appeal by stipulation has been augmented by the addition of the entire superior court file of that action. An unperfected appeal from this preliminary injunction is still pending. It is obviously moot. The contractural provision, enforced by this injunction temporarily, is valid. (Bus. & Prof. Code, § 16602.)

*man* v. *Renart Sportswear Corp.*, 222 Cal.App.2d 385, 389 [35 Cal.Rptr. 218] ; *Local 659 I.A.T.S.E.* v. *Color Corp. of America*, 47 Cal.2d 189, 194-195 [302 P.2d 294] ; Notes, 117 A.L.R. 301, 315; 161 A.L.R. 1426, 1433.) ▮ Moreover, it has been said that, once such a waiver has been made, it cannot be revoked. (See *Bertero* v. *Superior Court*, 216 Cal.App.2d 213, 218-219 [30 Cal.Rptr. 719], hear. den.)

▮ Waiver of a contractual right to arbitration is ordinarily a question of fact and a determination of this question, if supported by substantial evidence, is binding on an appellate court. (*Sawday* v. *Vista Irrigation Dist.*, 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816].) In this case the trial court expressly found that respondent did not waive his right to arbitration and did not make an irrevocable election of remedies by commencing his aforesaid action in the superior court.

From his brief it is apparent that appellant's rejoinder to these findings and this law would probably be the assertion that in reality these findings of fact of the trial court are erroneous conclusions of law and that, *as a matter of law,* respondent's resort to the courts before seeking arbitration constituted both a waiver of his right to arbitration and an irrevocable election of remedies.

▮ We disagree. A waiver of a right may properly be implied from any conduct which is inconsistent with the exercise of that right. But here, in his superior court suit, respondent sought expressly only injunctive relief, which was a form of protective relief that an arbitrator could not, in terms of power, grant to him. The above referred to cases enunciating the rule, that resort to the court initially, in lieu of the arbitration tribunal, waives the right of the person so doing to obtain arbitration of the controversy thereafter, all involve asking the courts or administrative tribunals for exactly the same type of relief,—damages—which an arbitrator is empowered to grant.

This is what distinguishes the pronouncements in and holdings of such cases from *Homestead Sav. & Loan Assn.* v. *Superior Court*, 195 Cal.App.2d 697, 701 [16 Cal.Rptr. 121] (hear. den.), where, similarly, the filing of a mechanic's lien against certain land was held not to be inconsistent with nor a repudiation or a waiver of the right to arbitrate the personal liability of the debtor.[2] Again, the type of relief initially

---

[2]*Palm Springs Homes, Inc.* v. *Western Desert, Inc.*, 215 Cal.App.2d 270, 276-277 [30 Cal.Rptr. 34] affirmed a judgment confirming an arbitra-

sought was unavailable through arbitration. Consequently, the seeking of it was not a repudiation of the arbitration remedy, but a request for something not available through arbitration and something in addition to that which was so available. Under such circumstances, the two remedies are plainly not exclusive of each other and are in no way inconsistent.[3] Therefore, the doctrine of election of remedies is plainly inapplicable. (See 1 Witkin, Cal. Procedure (1954) p. 552.)

Finally, where, as here, the judicial remedy sought is no longer in effect, it should not prevent arbitration. (Cf. *Conneaut Lake Agriculture Assn.* v. *Pittsburgh Surety Co.,* 225 Pa. 592 [74 A. 620, 621]; *La Hay, Inc.* v. *Pathe Exchange, Inc.,* 237 App.Div. 468 [261 N.Y.S. 495, 497], affd. 262 N.Y. 483 [188 N.E. 30].)

For the foregoing reasons the judgment below is affirmed.

Ford, P. J., and Moss, J., concurred.

___

tion award holding to the contrary. The law on this point in other jurisdictions seems to be uncertain. (Note, 93 A.L.R. 1151, 1153.)

[3] In this connection it is to be noted that the present California Arbitration Act envisages in certain circumstances companion arbitration and court proceedings. (See Code Civ. Proc., §§ 1281.2, 1281.4.)