[Civ. No. 42964. Second Dist., Div. Five. Jan. 2, 1975.]

RUDOLPH H. STERMER, Plaintiff and Appellant, v.
MODIANO CONSTRUCTION COMPANY, INC., Defendant and
Appellant.

**COUNSEL**

Kenneth P. Scholtz for Plaintiff and Appellant.

Melvin S. Lebe for Defendant and Appellant.

**OPINION**

**ASHBY, J.**—This is an appeal by petitioner and appellant Rudolph H. Stermer, D.D.S. (Stermer), from a judgment of the superior court

confirming an award in arbitration in favor of respondent and appellant Modiano Construction Company, Inc. (Modiano). Modiano also appeals from that portion of the judgment which denies the award of attorney's fees to Modiano.

On March 9, 1973, Stermer filed the petition in this case (superior court No. C,51947) to vacate an award of Arbitrator Jordan A. Dreifus of November 29, 1972. The award arose out of a dispute over a written building construction contract between Stermer and Modiano of April 4, 1970, which was submitted to arbitration pursuant to the contract. The arbitrator had determined that Modiano was entitled to the balance due on the construction contract, less certain credits in favor of Stermer, for a net award to Modiano of $3,131.

The petition urged the following grounds for vacating the award: (1) The award was procured by undue means in that the arbitrator had informed himself of the results of a previous arbitration of the same dispute rendering it impossible for Stermer to obtain a fair hearing; (2) the award in the prior arbitration had been vacated on September 8, 1971, and the order vacating that award was improperly amended *nunc pro tunc* on November 17, 1971, to read that a rehearing before a neutral arbitrator was ordered; (3) the arbitrator had no authority to act because of the pendency of another case in superior court, case number C 14854, which was erroneously stayed pending the arbitration; and (4) the arbitrator was arbitrary in limiting Stermer to a credit of $500.

A hearing on the petition to vacate the award was set for March 23, 1973, and subsequently continued to April 6, 1973. Modiano submitted a response to the petition on March 19, 1973, including declarations of Melvin S. Lebe (Modiano's counsel) and of Jordan A. Dreifus (the arbitrator) in opposition to the petition.

The award of the arbitrator was confirmed by order of the court on April 6, 1973, and judgment was entered on May 4, 1973. Findings of fact and conclusions of law were not made because they were not requested.[1] Judgment was entered for Modiano for $3,131, plus costs of $26. The judgment also provided that the parties would equally bear the administrative fees of the American Arbitration Association and that neither party was entitled to attorney's fees.

---

[1]The record does not contain a transcript of the hearing on the petition. According to the briefs no oral testimony was taken at the hearing.

## CONTENTIONS

Stermer urges two grounds on appeal for reversing the judgment confirming the award of the arbitrator: (1) Arbitrator Dreifus was without jurisdiction because the *nunc pro tunc* order of November 17, 1971, amending the previous order of September 8, 1971, to provide for a rehearing in arbitration, was invalid, there being an insufficient showing that the failure of the September 8 order to provide for a rehearing was clerical rather than judicial error, and (2) findings of fact and conclusions of law were required by Code of Civil Procedure section 1291, notwithstanding Stermer's failure to request them, and Code of Civil Procedure section 632 is not applicable to an order confirming an arbitration award. On its part, Modiano contends that it was entitled to an award of attorney's fees pursuant to a clause of the contract between the parties. We conclude that Stermer's contentions are without merit and that Modiano is entitled to an award of attorney's fees.

## PREVIOUS HISTORY OF THIS DISPUTE

In order to comprehend the specific contentions raised on this appeal it is necessary to understand the previous history of this dispute. We derive this history from the record in the instant case (superior court No. C 51947), the briefs, and from the superior court files in two related actions, superior court number C 6733 and superior court number C 14854, of which both parties request that we take judicial notice.

On April 4, 1970, Stermer entered into a written contract with Modiano for the construction of a dental office. A dispute subsequently arose, Stermer claiming that the office had not been constructed according to specifications and had not been completed on time. Pursuant to the arbitration agreement in the contract the case went to arbitration before Arbitrator R. Thomas Davidson. On June 8, 1971, Arbitrator Davidson found that Modiano was due $3,600 on the contract and he denied Stermer's counterclaim.

Modiano filed a petition in superior court case number C 6733 to confirm the award. In opposition, Stermer petitioned to vacate the award on the ground that he had been denied a fair arbitration hearing because he had been denied sufficient time for discovery and preparation. Stermer requested that the award be vacated and rescheduled for a hearing before a neutral arbitrator after proper discovery.

On September 8, 1971, the superior court denied the petition to confirm and ordered the award vacated. The court's minute order stated: "Petition denied. The award is ordered vacated. Respondent [Stermer] to serve notice." Although ordered to serve notice, Stermer did not do so until November 2, 1971.

Subsequent to the order vacating the award and prior to the serving of notice thereof, Stermer filed an action for damages in superior court number C 14854 against Modiano and Sterling Smith, a contractor working for Modiano. The complaint was for money damages based upon the same dispute. It alleged four counts: (1) failure to perform to specifications; (2) failure to perform on time; (3) conspiracy to fail to perform to specifications; and (4) misrepresentation that an attic would be provided.

On November 17, 1971, in case number C 6733, Modiano made an ex parte application for an order correcting the minute order of September 8, 1971. Modiano moved that the September 8 order be amended *nunc pro tunc* to add: "A rehearing of this matter in arbitration before a neutral arbitrator is hereby ordered." In a declaration by Modiano's counsel it was pointed out that in requesting vacation of said award Stermer had prayed that a rehearing before a neutral arbitrator be ordered, and Modiano's counsel further declared that "at the hearing of said matters, on September 8, 1971, this court vacated said award, and declarant believed that this court ordered a rehearing before a neutral arbitrator." The declaration further stated that counsel had not discovered that the September 8 minute order failed to order a rehearing, because he had not been served with notice of the ruling until after November 2, 1971. Counsel for Modiano also declared that he had informed Stermer's counsel that he would appear to request said correction of the minute order and that counsel for Stermer indicated he would not appear.

On November 17, 1971, the court in number C 6733 made the following order: "Nunc pro tunc. Pursuant to ex parte application of petitioner and order thereon, and it appearing to the court that the minute order of September 8, 1971, does not properly reflect the order of the court said minute order is amended nunc pro tunc as of said date of September 8, 1971, by adding the following, to wit: 'A rehearing of this matter in arbitration before a neutral arbitrator is hereby ordered.' "

On November 24, 1971, in number C 14854, Modiano informed the

court of the existence of the order for a rehearing in arbitration in number C 6733 and requested a stay of the proceedings. On December 23, 1971, the court in number C 14854 ordered the proceedings stayed pending final arbitration, it appearing that the complaint in number C 14854 involved the same dispute which was subject to an order compelling arbitration in number C 6733.

The arbitration rehearing in number C 6733 was held before Arbitrator Dreifus on November 11, 1972, resulting in an award in favor of Modiano on November 29, 1972. Stermer then filed this action, number C 51947, to vacate Arbitrator Dreifus' award. It is conceded that in light of Code of Civil Procedure section 1292.6[2] Stermer should have filed this petition in number C 6733 instead of filing a new petition, number C 51947.

### Nunc Pro Tunc Order for Rehearing in Arbitration

Stermer contends that the *nunc pro tunc* order of November 17, 1971, ordering a rehearing in arbitration, was invalid, and that therefore the subsequent award in arbitration was also invalid and should not have been confirmed by the trial court below. He contends that the record is not sufficiently clear that the failure of the September 8, 1971, minute order to provide for a rehearing in arbitration was merely clerical error rather than judicial error. We find this contention to be without merit.

Preliminarily, however, Modiano contends that Stermer should not be permitted to raise this argument on appeal because he did not question the arbitrator's jurisdiction on this basis at the arbitration hearing. Modiano contends that Stermer willingly participated in the arbitration hearing on the merits, and that he may not now raise jurisdictional arguments for the first time on appeal from an unfavorable award, citing *Forrest* v. *Hotel Conquistador, Inc.,* 193 Cal.App.2d 503, 509 [14 Cal.Rptr. 349], and *Dugan* v. *Phillips,* 77 Cal.App. 268, 277 [246 P. 566]. The cases cited by Modiano are inapposite. In this case the superior court had ordered a rehearing in arbitration. Stermer could not reasonably be expected to argue to the arbitrator that the superior court

---

[2]"After a petition has been filed under this title, the court in which such petition was filed retains jurisdiction to determine any subsequent petition involving the same agreement to arbitrate and the same controversy, and any such subsequent petition shall be filed in the same proceeding."

had made an invalid order, because the arbitrator had no jurisdiction to reverse an order of the superior court. An order directing arbitration is not appealable but is reviewable on appeal from an order of confirmation. (Code Civ. Proc., § 1294; *Titan Enterprises, Inc.* v. *Armo Construction, Inc.,* 32 Cal.App.3d 828, 831 [108 Cal.Rptr. 456]; *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.,* 271 Cal.App.2d 675, 692-693 [77 Cal.Rptr. 100].) ■ Although in extreme cases a party aggrieved by an order directing arbitration may obtain intermediate appellate review by writ, the general policy is to proceed with the arbitration, and then raise objections by way of petition to vacate the award or opposition to petition to confirm the award. (*Titan Enterprises, Inc.* v. *Armo Construction, Inc., supra* at pp. 831-832.) Although Stermer might possibly have sought relief from the order compelling arbitration by way of writ *(Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co., supra),* his failure to do so does not preclude consideration of this argument on appeal from confirmation of the award. (Cf. *People* v. *Medina,* 6 Cal.3d 484, 491-492 [99 Cal.Rptr. 630, 492 P.2d 686].)

Turning now to the merits of the *nunc pro tunc* order, we consider Stermer's argument that the record does not clearly show that the failure of the September 8, 1971, minute order to provide for a rehearing in arbitration was due to clerical error rather than judicial error. (See *In re Candelario,* 3 Cal.3d 702, 705 [91 Cal.Rptr. 497, 477 P.2d 729]; *Estate of Eckstrom,* 54 Cal.2d 540, 544 [7 Cal.Rptr. 124, 354 P.2d 652].) This contention is without merit. ■ The record in this case shows that clerical error was involved, and that the court therefore had jurisdiction to enter the *nunc pro tunc* order correcting the record.

Here the same trial judge who entered the September 8 order also entered the November 17 order as follows: "Pursuant to ex parte application of petitioner and order thereon, *and it appearing to the court that the minute order of September 8, 1971, does not properly reflect the order of the court* said minute order is amended nunc pro tunc as of said date of September 8, 1971, by adding the following, to wit: 'A rehearing of this matter in arbitration before a neutral arbitrator is hereby ordered.'" (Italics added.) The minute order of November 17, 1971, therefore contains a finding by the trial judge involved that the prior minute order did not in fact reflect the order of the court. The finding by the trial judge as to what his intention was is entitled to great weight. (*Bastajian* v. *Brown,* 19 Cal.2d 209, 214 [120 P.2d 9]; *Carpenter* v. *Pacific Mut. Life Ins. Co.,* 14 Cal.2d 704, 708 [96 P.2d 796]; *Estate of Doane,* 62 Cal.2d 68, 71 [41 Cal.Rptr. 165, 396 P.2d 581]; *Denton* v. *Denton,* 18

---

Cal.App.3d 708, 714-715 [96 Cal.Rptr. 136]; *Gravert v. DeLuse,* 6 Cal.App.3d 576, 581 [86 Cal.Rptr. 93].)

There is nothing in the record tending to show the contrary, that is, that the error of September 8, 1971, was judicial. Stermer speculates that the trial judge might have had some reason not to order a rehearing, and he argues that the decision whether or not to order further arbitration "is neither automatic nor a foregone conclusion." However, he offers no persuasive reason founded upon the record of this case as to why the court would not have ordered rehearing. Stermer's argument for vacating the first arbitration award was simply that he had not been able adequately to prepare for the arbitration hearing, and *he himself requested a rehearing before a neutral arbitrator after proper discovery.* The record supports the trial court's *nunc pro tunc* order.

### FAILURE TO REQUEST FINDINGS

The trial court did not make findings of fact or conclusions of law because they were not requested. Stermer contends that Code of Civil Procedure section 1291[3] makes findings of fact and conclusions of law mandatory, and that the failure to make such findings is reversible error per se, notwithstanding the failure to request them, citing *A.D. Hoppe Co. v. Fred Katz Constr. Co.,* 249 Cal.App.2d 154, 158 [57 Cal.Rptr. 95, 25 A.L.R.3d 1162]. He contends the rule of Code of Civil Procedure section 632, that findings are waived unless specifically requested, is inapplicable. These contentions are without merit.

The case relied upon by appellant has been distinguished in numerous subsequent cases indicating that section 1291 must be read in light of section 632, and that findings of fact and conclusions of law in such proceedings are not required unless requested. (*Frame v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 20 Cal.App.3d 668, 671 [97 Cal.Rptr. 811]; *Paud v. Alco Plating Corp.,* 21 Cal.App.3d 362, 370 [98 Cal.Rptr. 706]; *Johnston v. Security Ins. Co.,* 6 Cal.App.3d 839, 844 [86 Cal.Rptr. 133]; *Allstate Ins. Co. v. Orlando,* 262 Cal.App.2d 858, 867 [69 Cal.Rptr. 702]; see *Gustafson v. State Farm Mut. Auto. Ins. Co.,* 31 Cal.App.3d 361, 366 fn. 3 [107 Cal.Rptr. 243]; *Ware v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 24 Cal.App.3d 35, 40 [100 Cal.Rptr. 791], affd. 414 U.S. 117 [38 L.Ed.2d 348, 94 S.Ct. 383]; see also *Tri-Cor, Inc. v. City of Hawthorne,* 8

---

[3]"Findings of fact and conclusions of law shall be made by the court whenever an order or judgment, except a special order after final judgment, is made that is appealable under this title."

Cal.App.3d 134, 137 [87 Cal.Rptr. 311].) ■ We see *no reason why* the failure to make findings in an order confirming an arbitration award, where no such findings have been requested by the parties, should constitute reversible error per se.

### AWARD OF ATTORNEY'S FEES

Paragraph 16 of the building construction contract of April 4, 1970, provides: "Any controversy or claim arising out of or relating to this contract, or the breach thereof shall be settled by arbitration in accordance with the Rules of the American Arbitration Association, and judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof."

Paragraph 17 of the agreement provides: "Should either party hereto bring suit in court to enforce the terms hereof any judgment awarded shall include court costs and reasonable attorney's fees to the successful party."

Modiano contends that under the above provisions it is entitled to a reasonable amount for its attorney's fees in this case (No. C 51947), including this appeal,[4] and that the trial court erred in finding that neither party is entitled to attorney's fees incurred in this action. ■ We agree.

Stermer argues that the instant case is not a "suit in court to enforce the terms hereof [*the construction contract*]," but is brought to enforce *the arbitration award.* He argues that unlike *San Luis Obispo Bay Properties, Inc.* v. *Pacific Gas & Elec. Co., supra,* 28 Cal.App.3d 556, 571, the parties to the construction contract in this case did not expressly agree to accept the arbitrator's award, and that therefore the instant suit is not brought to enforce the terms of the contract within the meaning of paragraph 17. These arguments are without merit. The contract provides that any controversy or claim arising out of it or the breach thereof "shall be settled by arbitration" and that "judgment upon the award rendered by the Arbitrator(s) may be entered in any Court having jurisdiction thereof." This dispute was to enforce the terms of the contract; the arbitration award was to enforce the terms of the contract; and this

---

[4]As to attorney's fees on appeal, see *San Luis Obispo Bay Properties, Inc.* v. *Pacific Gas & Elec. Co.,* 28 Cal.App.3d 556, 573 [104 Cal.Rptr. 733]; *Coordinated Construction, Inc.* v. *Canoga Big "A," Inc.,* 238 Cal.App.2d 313, 320 [47 Cal.Rptr. 749].

action to confirm the award is also to enforce the terms of the contract. Modiano is entitled to a reasonable amount for its attorney's fees in this action (No. C 51947) and this appeal.

## CONCLUSION

That portion of the judgment providing that neither party is entitled to attorney's fees incurred in this action is reversed. The trial court is directed to determine Modiano's reasonable attorney's fees in this action and on this appeal and to add this amount to the judgment. In all other respects the judgment is affirmed.

Stephens, Acting P. J., and Hastings. J., concurred

A petition for a rehearing was denied January 30, 1975, and the petition of the plaintiff and appellant for a hearing by the Supreme Court was denied February 26, 1975.