[Civ. No. 47119. Second Dist., Div. Four. May 26, 1976.]

H. L. MADDY, Plaintiff and Respondent, v.
MARIAN J. CASTLE, Defendant and Appellant.

Counsel ·

Wilson & Farrar and Dean E. Farrar for Defendant and Appellant.

Weil & Fritz and Philip L. Eyerman for Plaintiff and Respondent.

OPINION

**KINGSLEY, J.**—Appellant Marian J. Castle entered into a contract with respondent, H. L. Maddy, doing business as Apex Bonded Builders and Bonded Contractors. The contract contained an arbitration clause. After work had been done under this contract, a balance of $350 remained unpaid.

Maddy made no request for arbitration under the contract but, instead, instituted a small claims court action, asking for $425.25. Castle in turn filed a complaint in municipal court, seeking $4,500 damages, and declaratory relief and asking that the small claims court action be transferred to the municipal court.

In municipal court, Maddy demanded arbitration under the contract. He thereafter filed his petition in the superior court for an order compelling arbitration. Castle responded by a declaration stating that Maddy had waived his right to arbitration by filing the small claims action. The superior court found no waiver and ordered the issues to be arbitrated. Castle participated fully in the arbitration, which resulted in an award giving Maddy $350 and Castle $150, leaving a net award of $200 to Maddy.

Castle then moved in the superior court to have the award vacated and to have the proceedings in municipal court reinstituted. The award was confirmed. Castle has appealed; we reverse.

I

*Can the Issue of Waiver or Estoppel*
*Be Brought Forward on This Appeal?*

■ The order to arbitrate was not an appealable order. (*Bertero* v. *Superior Court* (1963) 216 Cal.App.2d 213 [30 Cal.Rptr. 719].) The only way to attack such an order prior to arbitration is by writ, a procedure acceptable only in extreme cases. (See *Lesser Towers, Inc.* v. *Roscoe-Ajax Constr. Co.* (1969) 271 Cal.App.2d 675 [77 Cal.Rptr. 100].) The procedure generally preferred is to proceed with the arbitration, then attack the award by appeal from the confirmation order.

"The rationale of this rule is that the order compelling arbitration is interlocutory in nature and works no hardship on the litigant because the

party who objects to arbitration may win at the arbitration hearing, and if he does not, the issue is reviewable on appeal from the order of confirmation. (Code Civ. Proc., § 1294, subd. (d); *Titan Enterprises, Inc. v. Armo Construction, Inc.*, 32 Cal.App.3d 828, 831 [108 Cal.Rptr. 456].)" (*Spence v. Omnibus Industries* (1975) 44 Cal.App.3d 970, 976 [119 Cal.Rptr. 171].)

■ Here the appellant attacked the order of confirmation. This is the more acceptable procedure. The courts expect the party who has objected to the arbitration proceeding and lost in the trial court to fully participate in the arbitration even where that party intends to attack the arbitrator's award.

The only instances in which appeals such as this have been denied hearing by the Courts of Appeal, involve cases where the party seeking to object to an arbitration had not only participated in the proceedings but had "briefed, argued and submitted to the arbitrator, as an arbitrable issue, the question of the arbitrability of the underlying issues." (*Titan Enterprises, Inc. v. Armo Construction, Inc., supra* at p. 831.) These decisions were based on the premise that the party objecting to arbitration chose that forum to litigate the question and once litigated is barred from relitigating the same issue in the courts. (*Titan, supra,* at p. 831.) In this case Castle did not attempt to argue this issue during the arbitration and is not now precluded from raising it here.

■ It should be noted that arguing the issue of arbitrability to the arbitrator would have been useless as the arbitrator had no jurisdiction to reverse the order of the court to arbitrate. (*Stermer v. Modiano Constr. Co.* (1975) 44 Cal.App.3d 264, 269 [118 Cal.Rptr. 309].) ■ The *Stermer* case, at least so far as the issue of appealability is concerned, is on all fours with this case, holding that lack of objection to the arbitrator over the issue of the arbitrability of the case or participation in the arbitration by the party objecting does not preclude an appeal on that issue. We find this appeal proper.

## II

*Is This Court Bound by the Trial
Court's Decision That Respondent
Did Not Waive His Right to Arbitration?*

■ Waiver of a contractual right to arbitration is ordinarily a question of fact and determination of this question, if supported by

substantial evidence, is binding on an appellate court. (*Sawday* v. *Vista Irrigation Dist.* (1966) 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816].)

The general rule is to leave this question to the trial court where there is substantial evidence to support it. However, in cases where the record before the trial court establishes a waiver of the right to arbitrate as a matter of law, the appellate court may find the trial court's order compelling the parties to arbitrate to be an abuse of discretion. (*Gunderson* v. *Superior Court* (1975) 46 Cal.App.3d 138, 143 [120 Cal.Rptr. 35]; *Bertero* v. *Superior Court* (1963) 216 Cal.App.2d 213, 219-220 [30 Cal.Rptr. 719].)

■ In this case we find, as a matter of law, that Maddy's filing in small claims court constituted waiver of the right to arbitration. In such a situation the appellate court is not bound by the decision of the trial court.

### III

#### Did Respondent Waive His Rights to Arbitration As a Matter of Law?

Arbitration is a favored means by which parties may settle disputes. ■ The contractual right to arbitration, however, may be lost either by lack of proper and timely assertion of the right or by action of a party which is inconsistent with that right. (*Gunderson* v. *Superior Court, supra,* at p. 143; *Schwartz* v. *Leibel* (1967) 249 Cal.App.2d 761, 763 [57 Cal.Rptr. 831].)

The proper test as to whether the right to arbitrate has been waived is: do the circumstances of the case indicate an intent on the part of a party to waive his right to arbitrate by seeking the same type of relief in another forum? The answer in the present case must be in the affirmative. ■ " . . . A waiver of a right may properly be implied from any conduct which is inconsistent with the exercise of that right. . . . [R]esort to the court initially, in lieu of the arbitration tribunal, waives the right of the person so doing to obtain arbitration of the controversy thereafter, all [waiver of right to arbitration cases] involve asking the courts or administrative tribunals for exactly the same type of relief,—damages—which an arbitrator is empowered to grant." (*Schwartz* v. *Leibel, supra,* at p. 763.)

An individual, once he has chosen a forum other than arbitration to seek relief which is of a type that arbitration could grant, may not thereafter compel arbitration. ■ The fact that Maddy did not sue Castle in a municipal court is of no consequence. By entering small claims court with his claim which could have been satisfied by arbitration, he chose the judicial system as his forum and waived his right to compel arbitration. ■ Waiver is the intentional relinquishment of a known right after knowledge of the facts. ■ Maddy knew his right to arbitration and relinquished it in favor of the proceedings in the small claims court.

## IV

### Did Respondent Waive His Rights to Arbitration Only With Respect to the Small Claims Court?

■ Respondent argues that if he did waive his rights to arbitration it was only with respect to the forum of a small claims court which he chose and only to the extent of his cash claim. Such argument is not acceptable. In a dispute such as this it is impossible to separate the claim for money by respondent from the counterclaims which are the defense to this money claim. The claim is in actuality part of one basic issue—whether the work was properly completed—and cannot be separated from other claims or the issue itself.

If the appellant had not placed her counterclaim before the courts in answer to respondent's claim she would have been barred by the decision of the small claims court.

■ It is a general rule that once a person has waived his right to arbitration that waiver is not revocable. (*Bertero* v. *Superior Court, supra,* at pp. 218-219; *Schwartz* v. *Leibel, supra,* at p. 763.) Since arbitration is looked on with favor there is one exception to the rule. A waiver of right to arbitrate is revocable only where the nonwaiving party has done nothing in reliance on that waiver. (*Seidman & Seidman* v. *Wolfson* (1975) 50 Cal.App.3d 826, 836 [123 Cal.Rptr. 873]; *Tas-T-Nut Co.* v. *Continental Nut Co.* (1954) 125 Cal.App.2d 351, 355-356 [270 P.2d 43]; *Case* v. *Kadota Fig Assn.* (1950) 35 Cal.2d 596, 606 [220 P.2d 912].) ■ Once the nonwaiving party acts in reliance on the waiver, as in this case, it is no longer revocable.

The argument by Maddy that he had a right to seek arbitration because of the change to municipal court is without merit. When he chose small claims court he, in fact, chose the judicial system in its entirety as his forum. By entering small claims court he placed the issue into that system to be treated with the same rights and dangers that any other similar claim would be subject to. Small claims cases are subject to removal by counterclaims above the jurisdictional limit of that court. Castle had a perfect right to treat the case as one would any small claims case and removed it to municipal court. The fact that Maddy may not have expected Castle to avail herself of such procedures does not make the procedure improper. The fact that Maddy chose to open the issue to the procedures of the court system leaves him no reason to complain. He obviously was satisfied so long as he thought that the procedures of the court and the jurisdictional limits were to his benefit.

The order is reversed.

Files, P. J., and Dunn, J., concurred.