Dissenting Opinion by
Getty, J.,
which Harrell, J., joins.
I respectfully dissent from the Majority’s conclusion that Midland waived its right to arbitrate the current class action *164 lawsuit by filing a collection action against Mr. Cain in 2009. Even if Midland had the option, under the contract, to arbitrate the 2009 collection action, I disagree that its decision to litigate rather than arbitrate that claim suffices to waive its contractual right to arbitrate virtually all other disputes between the parties arising under the contract. The Majority’s overly broad definition of “related claims” under Frank contradicts “Maryland’s legislative policy favoring enforcement of executory agreements to arbitrate.” See Charles J. Frank, Inc. v. Associated Jewish Charities of Balt., Inc., 294 Md. 443, 454, 450 A.2d 1304 (1982). Therefore, I would hold that the 2009 collection action and the current class action lawsuit are not “related” claims under Frank, and thus Midland did not waive its right to arbitrate the current action when it filed the collection action.
As this Court recognized in Frank, “The Maryland Uniform Arbitration Act ... embodies a legislative policy favoring enforcement of executory agreements to arbitrate.” Id. at 448, 450 A.2d 1304. As such, “[t]he intention to waive [a contractual right to arbitrate] must be clearly established and will not be inferred from equivocal acts or language.” Id. at 449, 450 A.2d 1304. With this “policy favoring enforcement of executory agreements to arbitrate” in mind, the Court in Frank considered whether a party’s participation in a judicial proceeding constitutes a waiver that “extends to the right to arbitrate other unrelated issues arising under the contract.” Id. at 450, 450 A.2d 1304.
Examining cases from New York and Louisiana, this Court determined that those jurisdictions hold “that although a party to a judicial proceeding involving issues arising under a contract waives the right to arbitrate those issues, the waiver does not extend to unrelated issues arbitrable under the contract.” Id. at 452-53, 450 A.2d 1304. The Court also recognized “that courts in some jurisdictions have decided that when some degree of participation in a judicial proceeding constitutes a waiver of the right to arbitrate a part of a dispute arising under a contract, the waiver extends to the entire dispute.” Id. at 453, 450 A.2d 1304. “However, these *165 courts have reached this conclusion only under circumstances in which all parts of the dispute were deemed to be interrelated.” Id. (emphasis added).
The Court in Frank described Maddy v. Castle as being illustrative of decisions falling into the latter category. Id. (discussing Maddy v. Castle, 58 Cal.App.3d 716, 130 Cal.Rptr. 160 (1976)). In Maddy, a contractor sued an owner for the unpaid balance of $350 for completed work under a contract. Id. The owner countersued for $4500 in damages for improper performance, and the contractor demanded arbitration of the owner’s counterclaim. Id. The Court of Appeals of California, Second District, concluded that the contractor’s action in filing suit constituted a waiver of its right to arbitrate the owner’s $4500 counterclaim, and specifically rejected the contractor’s argument that the waiver was limited to its $350 claim. Id. The California court explained,
In a dispute such as this it is impossible to separate the claim for money by [the contractor] from the counterclaims which are the defense to this money claim. The claim is in actuality part of one basic issue—whether the work was properly completed—and cannot be separated from other claims of the issue itself.
Id. (quoting Maddy, 58 Cal.App.3d at 722, 130 Cal.Rptr. 160). This Court in Frank then summarized this holding as follows: “waiver of a part of the dispute constituted waiver of the entire dispute because the dispute involved a single issue, not unrelated issues.” Id. at 453-54, 450 A.2d 1304 (emphasis added).
In concluding its examination of the pertinent cases from other jurisdictions, the Court in Frank remarked,
No case has been cited, and we have found none, in which a court has held that a waiver of the right to arbitrate issues arising under a contract by some degree of participation in a judicial proceeding constitutes a waiver for all purposes under the contract and, therefore, extends not only to issues raised and/or decided in the judicial proceeding, but also to unrelated, issues.
*166 Id. at 454, 450 A.2d 1304. This conclusion, expressly rejected by this Court in Frank, is effectively the holding of the Majority today.
The Majority concludes that the 2009 collection action and the current class action lawsuit are related because the latter is “dependent on” the former. Majority Op. at 158, 156 A.3d at 817. This is because “if Midland had not pursued its 2009 collection action, [Mr.] Cain’s current claims would not exist.” Id. at 158, 156 A.3d at 817. Therefore, in the Majority’s view, “the claims are part of ‘one basic issue’ of whether Midland was entitled to a money judgment against [Mr.] Cain.” Id. (quoting Frank, 294 Md. at 453, 450 A.2d 1304). I disagree.
The “basic issue” in the collection action was whether Mr. Cain owed a debt to Citibank under the contract; the “basic issue” in the current class action is whether judgments obtained by Midland (against Mr. Cain and many others) while it was operating as an unlicensed collection agency are void, based solely on the decision in Finch v. LVNV, LLC, 212 Md.App. 748, 71 A.3d 193 (2013). Certainly, the collection action and the current class action lawsuit are “related” in the sense that they involve the same contract and some of the same parties. But this broad definition of relatedness, in determining which claims are encompassed by a party’s waiver of the right to arbitrate, is precisely what this Court rejected in Frank:
In our view, even when participation in a judicial proceeding involving arbitrable issues arising under a contract constitutes a waiver of the right to arbitrate those issues raised and/or decided in the judicial proceeding, such conduct is not necessarily inconsistent with an intention to enforce the right to arbitrate unrelated issues arising under the same contract. Such conduct, in and of itself, is too equivocal to support an inference of an intentional relinquishment of the right to arbitrate issues other than those raised and/or decided in the judicial proceeding. We are persuaded that when a party waives the right to arbitrate an issue by participation in a judicial proceeding, the waiver is limited to those issues raised and/or decided in the *167 judicial proceeding and, absent additional evidence of intent, the waiver does not extend to any unrelated issues arising under the contract. Our conclusion that waiver of the right to arbitrate cannot be inferred in the absence of a clear expression of intent is consonant with Maryland’s legislative policy favoring enforcement of executory agreements to arbitrate.
Frank, 294 Md. at 454, 450 A.2d 1304 (emphases added).
Although the Majority purports to be following Frank, its definition of “related claims” is so broad that it essentially forecloses the possibility that distinct disputes between the same parties (or similar parties, when a putative class is involved) arising under the same contract will ever constitute “unrelated issues.” Unlike the holding in Frank, today’s Majority decision is incongruous “with Maryland’s legislative policy favoring enforcement of executory agreements to arbitrate.” See id.
Furthermore, it is unreasonable to hold that Midland’s action of filing the 2009 collection action “support[s] an inference of an intentional relinquishment to arbitrate issues other than those raised and/or decided in” that proceeding, see id. particularly where the contract contains an express restriction on arbitration for claims filed in small claims court.
“A waiver is the intentional relinquishment of a known right, or such conduct as warrants an inference of the relinquishment of such right, and may result from an express agreement or be inferred from circumstances. ‘[A]cts relied upon as constituting a waiver of the provisions’ of a contract must be inconsistent with an intention to insist upon enforcing such provisions.”
Id. at 449, 450 A.2d 1304 (quoting BarGale Indus., Inc. v. Robert Realty Co., Inc, 275 Md. 638, 643, 343 A.2d 529 (1975)). Under the Majority’s interpretation of the contract, Midland had the option to either arbitrate or litigate the collection action, and it chose to litigate. See Majority Op. at 156-58, 156 A.3d at 815-16. This is because the collection action falls under an exception to the arbitration clause, whereby “claims filed in *168 small claims court are not subject to arbitration.” Id. But Midland’s choice to litigate the collection action is not “inconsistent with an intention to insist upon enforcing” the right to arbitrate claims not falling under the small claims exception to arbitration contained in the contract. See Frank, 294 Md. at 449, 450 A.2d 1304 (quoting BarGale, 275 Md. at 643, 343 A.2d 529). Because the contract contains an express exception to arbitration for claims falling under the jurisdiction of a small claims court, it is unreasonable to hold that, by exercising this option, Midland also waived its contractual right to arbitrate other, non-excepted claims arising under the contract in the future.
Although the Majority does not reach Mr. Cain’s other arguments supporting his claim of waiver, see Majority Op. at 159 n.16, 156 A.3d at 818 n.16, I would hold that they are also unpersuasive. As the Court of Special Appeals noted in its unreported opinion below, the Vassalle class action “arose out of a challenge to Midland employees’ practice of robo-signing ‘between 200 and 400 computer-generated affidavits per day for use in debt-collection actions, without personal knowledge.’” Cain v. Midland Funding, LLC, No. 530, Sept. Term 2014, 2016 WL 1597179, at *13 (Md. Ct. Spec. App. Apr. 21, 2016) (quoting Vassalle v. Midland Funding LLC, 708 F.3d 747, 752 (6th Cir. 2013)). Thus, the issues raised in the Vassalle action are unrelated to the issues raised in Mr. Cain’s class action, and Midland’s participation in the Vassalle proceedings does not constitute a waiver of the right to arbitrate for purposes of the current class action.
In addition, Midland did not waive its right to arbitration by waiting to compel arbitration in this case until after this Court denied certiorari in Finch. As the Court of Special Appeals noted,
Midland did not file an answer to the complaint and seek the benefit of discovery .... Rather, Midland’s first action was to seek a stay of the action pending an appellate decision on a matter of law central to Mr. Cain’s claims, with Mr. Cain’s consent. Once the stay was lifted, Midland promptly filed its petition to compel arbitration. Midland’s consent motion for stay of the proceedings was a “legitimate *169 reason for participating in litigation,” and such limited participation does not equate to waiver. See Abramson [v. Wildman, 184 Md.App. 189, 201, 964 A.2d 703 (2009)]. Moreover, we do not perceive the passage of time during the consented-to stay pending a decision by the Court of Appeals as a delay intentionally caused by Midland.
Id. (emphasis added).
Therefore, I would hold that Midland has not acted “inconsistent with an intention to insist upon enforcing” the arbitration provisions in the contract with Mr. Cain, see Frank, 294 Md. at 449, 450 A.2d 1304 (quoting BarGale, 275 Md. at 643, 343 A.2d 529), and thus has not waived its right to arbitrate the current the class action. Having found no waiver, I would decline to reach the issue of whether Mr. Cain must show that he will suffer prejudice if the arbitration clause is enforced, instead reserving that decision for a case in which the issue is properly before us. Accordingly, I would affirm the judgment of the Court of Special Appeals.
Judge Harrell has authorized me to state that he joins in this opinion.