[Civ. No. 29536. Second Dist., Div. Three. Mar. 3, 1967.]

A. D. HOPPE COMPANY, Plaintiff and Respondent, v. FRED KATZ CONSTRUCTION CO., Defendant and Appellant.

156

William Katz for Defendant and Appellant.

Louis Kaminar and Arthur B. Kalnit for Plaintiff and Respondent.

COBEY, J.—This is an appeal from an order denying appellant's petition to compel arbitration and its motion to stay this action between the parties pending such arbitration. The appeal lies. (Code Civ. Proc., §§ 1294, subd. (a), 1294.2; *Berman* v. *Renart Sportswear Corp.*, 222 Cal.App.2d 385, 387-388 [35 Cal.Rptr. 218].)

In May 1962, appellant, a general contractor, entered into a written contract with Congregation Beth Hillel to construct a new classroom building for this owner at a specified location on Riverside Drive in North Hollywood. Subsequently, in May and September 1962, appellant entered into essentially identical form subcontracts with respondent's assignor, Sound Control Company, an acoustical contractor, and respondent, a lathing and plastering contractor, for the performance of their respective specialties in the construction of said classroom building.

Both of these subcontracts contain the same arbitration provision, which reads as follows:

"Ninth: If at any time any controversy shall arise between the Contractor and the Sub-Contractor regarding anything pertaining to this sub-contract and which the parties hereto

do not promptly adjust and determine, or which the Owner's representative can not decide to the satisfaction of both parties, then the written orders of the Contractor shall be followed and said controversy shall be decided by arbitration on completion of the work.''

On August 12, 1964, respondent initiated the action which is before us by filing a common counts complaint against appellant and other defendants[1] for the principal sums of $8,832.88 for respondent's aforementioned assignor, and $6,947.45 for respondent.

On September 1, 1964, appellant filed a notice of its motion for ''Order Compelling Arbitration and Staying Action Pending Such Arbitration.'' This notice was supported by a declaration filed therewith by one Fred Katz, presiden, of appellant, stating that all the lumber or material furnished and supplied by respondent and respondent's assignor, for which recovery was sought in this action, was furnished and supplied pursuant to written contracts containing the above quoted arbitration provision, that controversies pertaining to and arising from said contracts had arisen between the parties and that arbitration under said contracts of said controversies should be had in lieu of the pending litigation as appellant's right to such arbitration had not been waived. The nature of the claimed controversies was not explained.

On October 6, 1964, respondent filed a declaration of one Kenneth P. Hoppe, president of respondent and an officer and director of respondent's assignor, in opposition to this motion. This declaration stated that the amount sued for by respondent arose out of nine transactions between the parties, of which only three related to the above alluded Temple Beth Hillel job and the remaining six to four other job locations, that all the jobs involved were completed and billed prior to June 30, 1963, that a payment thereon was made thereafter by appellant to respondent's assignor in the amount of $1,000 and that each such job of respondent and its assignor was performed in strict conformity with the applicable plans and specifications and each such job had been accepted by the respective owner thereof and by appellant. It went on to say that the declarant had had at least ten conversations (the last one on May 8, 1964) with the just mentioned Fred Katz in which Katz had admitted that appellant owed the amounts now being sued for and would pay them as soon as it received

---

[1]These other defendants were fictitious, aside from the hereafter mentioned Fred Katz.

a certain specified payment from another job not involved in this lawsuit.

Appellant responded to this opposition by filing, on October 22, 1964, its petition to order arbitration. In this petition it alleged that respondent and its assignor had each violated and breached the terms and conditions of their aforementioned contracts with appellant in that they had failed, refused and neglected to do their respective work under said contracts in accordance with the plans and specifications therefor and in a good and workmanlike manner. No particulars of these claimed defects were furnished. It then alleged that respondent had brought its action without notice of its intention to do so and while settlement talks were pending between the two aforementioned declarants, and that appellant at all times had stood and then stood ready to arbitrate the controversy between the parties but that respondent and its assignor had refused and still refused to arbitrate such controversy.

No response was served and filed to this petition which was duly served upon respondent.[2] (Code Civ. Proc., § 1290.4, subd. (c).) Consequently all of its allegations (including the existence of a controversy between the parties) would necessarily be deemed admitted by respondent.[3] (Code Civ. Proc., § 1290.) Notice having been waived and the hearing of the matter having been previously continued to October 28, 1964, on that date the trial court heard the matter and made and entered its minute order, from which this appeal is taken, denying appellant's petition to compel arbitration and appellant's motion to stay the instant action pending such arbitration. Notwithstanding the express statutory requirement that findings of fact and conclusions of law be made, (Code Civ. Proc., §§ 1291, 1294, subd. (a)), this minute order was made and entered without them.[4]

In fact this order contains nothing respecting its basis. Its legal correctness must therefore be determined from the record, which has just been summarized, and the provisions of

---

[2]This is shown by the proof of service omitted from the clerk's transcript pursuant to Cal. Rules of Court, rule 5 (e). This court, pursuant to rule 12(a) of such rules, has augmented the record before us, on our own motion, by ordering transmitted to us the superior court file in this action.

[3]Here the trial court already had before it the previously summarized declaration of Kenneth P. Hoppe which undoubtedly contained all that a response would have contained.

[4]This, in itself, could be cause for reversal. (*Engleman* v. *Green,* 125 Cal.App.2d Supp. 882, 886-887 [270 P.2d 127].)

Code of Civil Procedure, section 1281.2, which reads, and at all times material herein, read as follows insofar as it is here pertinent:

"On the petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for the revocation of the agreement.

"If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit."

The trial court apparently made the order appealed from on the basis of the pleadings and declarations, which we have summarized, and on the basis of memoranda of points and authorities submitted by the opposing parties. These are also before us. From respondent's memorandum it appears that it contends that there was no controversy between the parties to arbitrate and that in any event appellant had waived its contractual right to arbitrate. The sole authorities for these two contentions are, respectively, *Smith* v. *Superior Court,* 202 Cal.App.2d 128 [20 Cal.Rptr. 512] and *Burke* v. *Dittus,* 8 Cal.App. 175 [96 P. 330].

Under the just quoted Code of Civil Procedure, section 1281.2, a trial court must, upon proper petition therefor, order arbitration if it determines that an arbitration agreement exists, unless it also determines either that grounds exist for revocation of the agreement or the right to compel arbitration has been waived by the party petitioning for it.

Furthermore, when the court determines that a written agreement to arbitrate a controversy exists, it may not refuse to make an order to arbitrate the controversy on the ground that the petitioner's contentions lack substantive merit. (*Jordan* v. *Pacific Auto. Ins. Co.,* 232 Cal.App.2d 127, 132 [42 Cal.Rptr. 556].)

Applying this controlling statutory law to the case before us, it appears without contravention that a written agreement to arbitrate the controversy between the parties exists and that the petition of appellant contains the allegations required by the statute. "Controversy" under

the California Arbitration Act, as rewritten by the California Law Revision Commission in 1960 [5] and enacted without change by the Legislature in 1961,[6] means "any question arising between parties to an agreement whether such question is one of law or fact or both." (Code Civ. Proc., § 1280, subd. (c).) It is obvious from the conflicting pleadings and declarations that questions exist between the parties as to the quality of the performance by respondent and its assignor of their subcontracts with appellant and as to whether the sums sued for grew out of the Beth Hillel job alone or certain other specified jobs as well.[7] The *Smith* case, relied on by respondent for its contention that no controversy here exists between the parties, which can be the subject of arbitration, is not authority negating the above quoted statutory definition of "controversy" and its clear application to this case.

The trial court was evidently impressed by the facts that the jobs sued upon were completed and accepted over fourteen months before appellant gave any notice of the claimed existence of any controversy whatsoever with respect to them or asked for arbitration; that in the interim it had made partial payment to respondent's assignor and had in no way disputed the claimed indebtedness. but instead admitted the same and made numerous promises of future payment from a specified source, and that when it finally raised the arbitration issue in response to respondent's suit for payment, it did so with a total lack of specifics with respect to its claim of an arbitrable controversy.

We also find the foregoing evidence impressive, but the statute which we have quoted (Code Civ. Proc., § 1281.2) plainly says that "an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit." A reference to the Law Revision Commission's recommendation respecting the statute establishes that the just quoted language was added "to make clear that upon proceedings to compel arbitration the court is not to consider the merits of the dispute sought to be arbitrated." (3 Cal. Law Revision Com. Rep., *supra*, G-6.) The consultant's study, which underlay the commission's recommendation, is even more explicit and indicates that the quoted

---

[5]3 Cal. Law Revision Com. Rep. G-1—G-64.

[6]4 Cal. Law Revision Com. Rep. 15.

[7]The resolution of the last mentioned question could have delayed an order to arbitrate. (See Code Civ. Proc., § 1281.2, past par.)

statutory language was designed to cover as well the question of the good faith of the party seeking arbitration. (*Ibid.* G-37—G-38.)[8]

■ As stated earlier, the trial court did not indicate the basis of its order denying the petition to compel arbitration and the motion for the accompanying stay of this action pending such arbitration. Furthermore, as has also been indicated by us, no contention was made by respondent before the trial court or here, that any grounds whatsoever exist for the revocation of the arbitration agreement. Under these circumstances it must be assumed that the trial court based its order denying appellant's petition on the ground that it had waived its right to compel arbitration. (*Loscalzo* v. *Federal Mut. Ins. Co.*, 228 Cal.App.2d 391, 396 [39 Cal.Rptr. 437].)

■ A party to an arbitration agreement may, of course, waive his right to arbitrate under it. Whether he has done so is ordinarily a question of fact and a determination of such waiver by the trial court, upon substantial evidence, is binding on this court. (*Sawday* v. *Vista Irrigation Dist.*, 64 Cal.2d 833, 836 [52 Cal.Rptr. 1, 415 P.2d 816].)

■ However, we cannot find such substantial evidence in the record before us. It is true that the agreement between the parties called for "arbitration on completion of the work." The work was completed prior to June 30, 1963, and no demand for arbitration by appellant was made until September 1, 1964—over fourteen months following completion of the work. ■ When an arbitration agreement does not specify a date within which arbitration must be demanded, such demand must be made within a reasonable time; and what constitutes a reasonable time is a question of fact depending upon the situation of the parties, the nature of the transaction and the facts of the particular case. (*Sawday, supra,* p. 836.) ■ The record is silent as to this delay causing any prejudice or harm whatsoever to respondent and the period of delay, though long, is well within the four-year period within which suit may be brought upon a written

---

[8]In this connection it is noted that the California Arbitration Act does not have, as the Uniform Arbitration Act does, specific reference to "bona fides"; but we believe this omission is covered by the California addition of the adjective "substantive" before the noun "merit."

The trial court's implied finding on conflicting evidence of the nonexistence of a controversy between the parties cannot stand because to make this implied finding that court also had to find impliedly as well that appellant's "contentions lack substantive merit." This it was expressly forbidden to do, by the quoted Code Civ. Proc., § 1281.2.

contract. (Code Civ. Proc., § 337.) Under these circumstances we cannot hold that appellant's delay in asserting its contractual right to arbitration was unreasonable and therefore in itself amounted to a waiver of such right. (Cf. Note 37 A.L.R.2d 1125, 1127.)

Likewise, we are unable to conclude that appellant's conduct otherwise constituted such a waiver. It is true that it apparently did accept in some manner the work of respondent and respondent's assignor, that it did make a partial payment, after the work was completed, to respondent's assignor,[9] that it did admit the existence of the indebtedness here sought to be recovered, and that it did give specific assurance of future payment of such indebtedness. All of these things may well have led respondent to reasonably believe that no controversy between the parties existed with respect to this indebtedness; but, individually and collectively, they do not indicate an intentional relinquishment on the part of appellant of its contractual right, nevertheless, to arbitration of the existence and amount of this indebtedness. They do indicate a strong probability that no controversy regarding this indebtedness actually exists between the parties; but, as stated earlier, under the California Arbitration Act, the courts of this state are not permitted to refuse arbitration on the ground that the contentions of the party seeking arbitration lack substantive merit. (Code Civ. Proc., § 1281.2.)

This proposition is not novel. A person's conduct with respect to the subject matter of litigation prior to such litigation may well indicate that he has no real defense to it, but, in so acting, he does not waive his right to his day in court upon the matter. Similarly, a person by such conduct does not waive his right to arbitration of the matter where such right exists.

This being the case, and arbitration never having even been discussed between the parties prior to this lawsuit, and appellant having in this action promptly demanded arbitration, we cannot say that appellant's conduct between the completion of the work and its demand for arbitration showed specifically either that it did not treat the arbitration provisions of its contracts with respondent and respondent's assignor as being

---

[9]In the aforementioned case of *Burke* v. *Dittus*, 8 Cal.App. 175, 178 [96 P. 330], it was held that acceptance of the building by *the owner* waived the contractual right of such owner to arbitrate. To our knowledge this case has never been followed by an appellate court in California on this point since it was decided in 1908.

in effect or that it did not intend to avail itself of those provisions. Consequently, it did not waive its right to insist upon such arbitration in lieu of this litigation, (see Notes 117 A.L.R. 301, 304; 161 A.L.R. 1426, 1428) and its contractual choice of a tribunal, which it must have regarded as speedier and less expensive than a court, should have been upheld by the trial court.

Accordingly, the order of the trial court denying arbitration and refusing a stay of this action pending arbitration is reversed.

Ford, P. J., and Moss, J., concurred.