[Civ. No. 40453. Second Dist., Div. Three. Mar 27, 1973.]

CHERYL GUSTAFSON, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant and Respondent.

## COUNSEL

Leonard M. Colene for Plaintiff and Appellant.

Spray, Gould & Bowers and Daniel O. Howard for Defendant and Respondent.

## OPINION

**THE COURT.**—Appellant Cheryl Gustafson petitioned the trial court for an order compelling arbitration pursuant to the provisions of Code of Civil Procedure section 1281.2. She also sought appointment of an arbitrator.

Appellant alleged a written contract of automobile insurance entered into by one Patrick McGinnis and respondent herein, State Farm Mutual Automobile Insurance Company. The contract included "an insuring agreement (Section III) for damages for bodily injury caused by Uninsured Motor Vehicles," and a provision "for Medical Payment Coverage under insuring agreement Section I."

Appellant alleged that she "sustained bodily injury caused by an uninsured motorist while she was occupying a vehicle owned by said PATRICK McGINNIS and insured by said 'COMPANY'," that is, respondent, State Farm. Appellant alleged that she received certain compensation from respondent pursuant to the medical payments provision of the policy but that respondent "refuses to pay for Petitioner's damages pursuant to Section III," the section covering bodily injury caused by uninsured motor vehicles. Appellant alleged that the policy provided for "arbitration of any controversy arising out of the Section pertaining to Uninsured Motor Vehicles," that a controversy existed as to whether or not appellant was entitled to damages under provisions of Section III, that she requested that respondent join with her in submitting the controversy to arbitration, but that respondent refused.

Respondent filed a memorandum of points and authorities in opposition to appellant's motion to compel arbitration. Attached thereto was the declaration of William Ryan, "a claims representative for State Farm Mutual Automobile Insurance Company." Therein Mr. Ryan declared: "On August 31, 1970, I went to 201 South Magnolia #56, Anaheim, California. At that time CHERYL GUSTAFSON signed in my presence a release and trust agreement, a copy of which is attached hereto, . . . after she had been informed of the nature of the document." The release and trust agreement attached to the declaration provided in pertinent part: "Received of State Farm Mutual Automobile Insurance Co. hereinafter called the Company, the sum of Five Hundred twenty one and 26/100 ($521.26) in full settlement and final discharge of all claims under the above numbered policy [reference was made to Patrick McGinnis' policy] because of bodily injuries known and unknown and which have resulted or may in the future develop, sustained by Cheryl A. Gustafson by reason of an accident or occurrence arising out of the ownership or operation of an uninsured automobile by Larry Rummerfield which occurred on or about the 26th day of June, 1970 at Anaheim, Calif."

At the hearing on appellant's motion for order directing arbitration the trial court ruled: "Motion denied; release effect needs to be determined by the trial court; *Commercial Ins* vs *Copeland,* 248 Cal App 2d 561."

Appellant appeals from "the NOTICE OF RULING ON MOTION TO COMPEL ARBITRATION, entered February 10, 1972, and the Minute Order of February 1, 1972, . . ."

Appellant may appeal from the order denying her motion to compel arbitration. Code of Civil Procedure section 1294 provides in pertinent part: "An aggrieved party may appeal from: (a) An order dismissing or denying a petition to compel arbitration." (See *Esparza* v. *State Farm Mut. Auto. Ins. Co.,* 257 Cal.App.2d 496, 498, fn. 1 [65 Cal.Rptr. 245].) Insofar as appellant's appeal purports to be from the notice of the ruling on the motion to compel arbitration it is dismissed.

On appeal appellant claims that the trial court should have made an order directing arbitration and that the issue of the validity of appellant's release[1] should have been submitted to the arbitrator or, in the

---

[1]In her points and authorities in support of her motion to compel arbitration appellant stated, under the heading "Statement of Facts," that "[p]etitioner denies that she ever executed a Release of her claim against the Respondent, but that Respondent's agent stated to her that it would pay her bills as they were incurred, and that she would have to sign as she received the money." Plaintiff offered no evidence with respect to these facts at the hearing on her motion to compel arbitration.

alternative, that respondent should have been required to "bring an action on *its* behalf to determine the effect of the alleged Release."

The scope of the trial court's function with respect to a petition to arbitrate a controversy is set forth in Code of Civil Procedure section 1281.2 as follows: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:

"(a) The right to compel arbitration has been waived by the petitioner; or

"(b) Grounds exist for the revocation of the agreement.

"If the court determines that a written agreement to arbitrate a controversy exists, an order to arbitrate such controversy may not be refused on the ground that the petitioner's contentions lack substantive merit.

"If the court determines that there are other issues between the petitioner and the respondent which are not subject to arbitration and which are the subject of a pending action or special proceeding between the petitioner and the respondent and that a determination of such issues may make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies."

In *Commercial Ins. Co.* v. *Copeland,* 248 Cal.App.2d 561 [56 Cal. Rptr. 794], after defendants had filed a demand for arbitration, the plaintiff insurance company brought an action seeking a declaration that all claims against it under the uninsured motorist coverage of the applicable policy had been settled by a binding release executed by defendants. The insurance company also sought an injunction restraining defendants from proceeding with arbitration proceedings. Defendants appealed from a judgment granting the insurance company the relief which it sought. On appeal defendants argued that the trial court had no authority to determine the legal effect of the release and that the issue was one which should have been submitted to arbitration. The arbitration agreement involved in the *Copeland* case was similar to that involved in the instant matter in that it provided for submission to arbitration of disputes respecting only the " 'determination as to whether the insured . . . is legally entitled to re-

cover . . . damages, and if so the amount thereof.' "[2] (248 Cal.App.2d at p. 564.) In interpreting this provision of the insuring agreement in *Copeland,* the court stated (248 Cal.App.2d at p. 564): "These issues relate to the liability of the uninsured motorist to the insured, not to the amount of money the insurance company must pay [citations], or to the preliminary question of whether there is a valid and subsisting agreement to arbitrate."

In affirming the trial court's decision in *Copeland,* the court stated (248 Cal.App.2d at pp. 564-565): "In a proceeding seeking to enforce an arbitration agreement, section 1281.2 of the Code of Civil Procedure specifically provides for a court determination of the question of whether arbitration has been waived by a party otherwise entitled. . . . [¶] As the court succinctly put it in the recent case of *Sawday* v. *Vista Irrigation Dist.,* 64 Cal.2d 833, 836 . . . , 'A party to an arbitration agreement can waive his right to arbitrate. [Citations.]' 'Waiver is the intentional relinquishment of a known right after knowledge of the facts. [Citations.]' (*Loscalzo* v. *Federal Mut. Ins. Co.,* 228 Cal.App.2d 391, 396 . . . .) A release is defined as 'The relinquishment, concession, or giving up of a right, claim, or privilege, by the person in whom it exists or to whom it accrues, to the person against whom it might have been demanded or enforced.' (Black's Law Dictionary (4th ed.).) It is thus evident that the legal effect of a release is also the relinquishment of rights; in this sense a release is clearly a waiver. Consequently, if the release was valid, defendants have waived their rights to arbitration. Section 1281.2 makes it clear this issue was for the court to decide." (See also *California State Council of Carpenters* v. *Superior Court,* 11 Cal.App.3d 144, 156 [89 Cal.Rptr. 625]; *Zak* v. *State Farm etc. Ins. Co.,* 232 Cal.App.2d 500, 508 [42 Cal.Rptr. 908].)

Code of Civil Procedure section 1281.2 and the cases cited above make it clear (1) that waiver of the right to compel arbitration is a preliminary question which should be decided by the trial court considering a petition to compel arbitration, and (2) that a valid release signed by an insured constitutes a waiver of the right to compel arbitration. However, in the instant case the trial court did not address itself to the question of the legal effect of the release allegedly signed by appellant. Thus the minute

---

[2]In the instant case the contract provided in pertinent part: " '[D]etermination as to whether the *Insured* or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the *Insured* or such representative and the company or, if they fail to agree, by arbitration.' "

order of February 1, 1972, states: "Motion denied; release effect *needs* to be determined by the trial court; . . ." (Italics added.)[3]

Respondent argues: "Appellant's remedy is to proceed in an action to determine the validity of the release signed by her." However, it seems unduly onerous to require appellant to prosecute a new lawsuit since Code of Civil Procedure section 1281.2 contemplates a determination by the trial court of the question of waiver when that issue is raised in a proceeding brought to compel arbitration. Accordingly, we hold that the trial court erred in denying appellant's motion for an order compelling arbitration without making a determination of the issue of whether the right to compel arbitration had been waived by petitioner (appellant herein).

The order is reversed and the cause is remanded to the superior court for further proceedings not inconsistent with the opinion herein.

---

[3]We note further that in an appropriate case where findings of fact and conclusions of law are properly requested pursuant to Code of Civil Procedure section 1291 the superior court should make specific findings with respect to the preliminary factual question of waiver of the right to compel arbitration. (See, generally, *Frame* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 20 Cal.App.3d 668, 671 [97 Cal.Rptr. 811]; *A. D. Hoppe Co.* v. *Fred Katz Constr. Co.,* 249 Cal.App.2d 154, 158, fn. 4 [57 Cal.Rptr. 95, 25 A.L.R.3d 1162].)