[Civ. No. 44099. Second Dist., Div. Three. Feb. 28, 1975.]

SEAN PAGETT, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
HAWAIIAN INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

Moore & Myers and Kenneth L. Harvey for Plaintiffs and Appellants.

John W. Norby and Robert E. Alderman, Jr., for Defendant and Respondent.

**OPINION**

**ALLPORT, J.**—Petitioners appeal from the denial of their amended petition for order compelling arbitration under section 1281.2 of the Code of Civil Procedure. The appeal lies. (Code Civ. Proc., § 1294, subd.

(a); *Esparza* v. *State Farm Mut. Auto. Ins. Co.*, 257 Cal.App.2d 496, 498, fn. 1 [65 Cal.Rptr. 245].)

## Contention

It is contended by petitioners that, because the petition alleges the existence of a written agreement to arbitrate a controversy, that a party thereto refuses to arbitrate and there is no finding that the right to compel arbitration has been waived or that grounds exist for revocation of the agreement, an order compelling arbitration is mandatory even though the claimed arbitrable issue itself may be without substantive merit.

## Discussion

■ For reasons to be subsequently stated, we conclude that the amended petition is substantively meritless and subject to being denied by the appropriate tribunal, be it a court or an arbiter. We turn first to the procedural question of which of the two should perform that function in this case.

A written self-executing agreement to submit a present or future controversy to arbitration is valid and enforcible. (Code Civ. Proc., § 1281; *Titan Enterprises, Inc.* v. *Armo Construction Inc.*, 32 Cal.App.3d 828, 830 [108 Cal.Rptr. 456].) On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy, the court shall order arbitration, if the court determines that an agreement to arbitrate the controversy exists unless there has been a waiver of that right or grounds exist for revocation of the agreement. (Code Civ. Proc., § 1281.2.) In *Gustafson* v. *State Farm Mut. Auto. Ins. Co.*, 31 Cal.App.3d 361, 365 [107 Cal.Rptr. 243], it was held that "Code of Civil Procedure section 1281.2 and the cases cited above make it clear (1) that waiver of the right to compel arbitration is a preliminary question which should be decided by the trial court considering a petition to compel arbitration, . . ." By analogy it would appear clear that under this section the existence of an agreement to arbitrate the controversy is also a preliminary question to be determined by the court before an order compelling arbitration can be made.

Petitioners rely upon the recent cases of *Van Tassel* v. *Superior Court*, 12 Cal.3d 624 [116 Cal.Rptr. 505, 526 P.2d 969], and *Orpustan* v. *State Farm Mut. Auto. Ins. Co.*, 7 Cal.3d 988 [103 Cal.Rptr. 919, 500 P.2d

1119], in support of their contention that the court had no alternative in the instant case but to order arbitration. We do not agree. While there is broad language in these cases from which it can be argued that an order compelling arbitration is mandatory in this or any other case when the petition alleges the existence of a written agreement to arbitrate a controversy arising between the insured and the insurer with respect to the uninsured motorist provisions of the standard automobile liability insurance policy, for reasons to be stated, we do not believe these cases compel such a conclusion. In *Orpustan* it was said that the entire controversy with respect to a claim made under that provision of the policy was to be determined by arbitration, including jurisdictional facts. In disapproving statements to the contrary in cases such as *Farmers Ins. Exch.* v. *Ruiz,* 250 Cal.App.2d 741 [59 Cal.Rptr. 13], and *Aetna Cas. & Surety Co.* v. *Superior Court,* 233 Cal.App.2d 333 [43 Cal.Rptr. 476], the Supreme Court in *Van Tassel* v. *Superior Court, supra,* at page 627, said that "Under the statute [Ins. Code, § 11580.2 subd. (f)] and the provisions for arbitration contained in an uninsured motorist provision such as that in the present case, we hold that jurisdictional facts, including the status of the claimant as an insured, are subject to determination by the arbitrator." Jurisdictional facts are not defined in either case. Followed blindly this precedent would support a conclusion that to deny arbitration in any case where the existence of a written arbitration agreement is alleged in the petition to exist would be error. We do not construe these cases to dictate such a result in all cases.

In enacting title 9 of the Code of Civil Procedure governing arbitration, the Legislature clearly intended that a measure of control over the subject be retained by the courts. This conclusion finds support in section 1281.2 wherein the court is mandated to order arbitration "if it [the court] determines that an agreement to arbitrate the controversy exists, . . ." Furthermore, in section 1294, subdivision (a), an order dismissing or denying a petition to compel arbitration is expressly made appealable. (*Gustafson* v. *State Farm Mut. Auto. Ins. Co., supra,* 31 Cal.App.3d 361, 363.)

In the instant case the issue of the existence of an agreement to arbitrate was framed by the petition seeking an order to compel arbitration and submitted by the parties for decision to the court upon the allegations of the petition and under a stipulated set of facts. The propriety of the adverse order is on appeal. Petitioners have resorted to the procedures contemplated by the statutes in seeking arbitration. The existence of a binding agreement for arbitration is a condition precedent

to the issuance of the order and therefore properly before the court in the first instance. In discussing the general rules governing arbitration (Code Civ. Proc., § 1280 et seq.) the court in *Morris* v. *Zuckerman,* 257 Cal.App.2d 91 at pages 96-97 [64 Cal.Rptr. 714], quoted from *O'Malley* v. *Wilshire Oil Co.,* 59 Cal.2d 482, 490-491 [30 Cal.Rptr. 452, 381 P.2d 188], and stated as follows: "Following *Posner,* [*Posner* v. *Grunwald-Marx Inc.,* 56 Cal.2d 169 (14 Cal.Rptr. 297, 363 P.2d 313)] the court made these further pronouncements as to the question of arbitrability: 'Arbitration is, of course, a matter of contract, and the parties may freely delineate the area of its application. The court's role, according to the Supreme Court, however, must be strictly limited to a determination of whether the party resisting arbitration agreed to arbitrate. A heavy presumption weighs the scales in favor of arbitrability; an order directing arbitration should be granted "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." [Citation.]' (*O'Malley* v. *Wilshire Oil Co.,* 59 Cal.2d 482, 490-491 [30 Cal.Rptr. 452, 381 P.2d 188].)"

". . . . . . . . . . . . . . . . .

"As here applicable, section 1281.2 of the Code of Civil Procedure provides that the court *shall* order the petitioner and the respondent named to arbitrate a controversy when the petitioner is a party to an arbitration agreement, alleges the existence of a written agreement to arbitrate and further alleges that the respondent refuses to arbitrate such controversy, 'if it determines that an agreement to arbitrate the controversy exists. . . .'" (See also *A. D. Hoppe Co.* v. *Fred Katz Constr. Co.,* 249 Cal.App.2d 154, 159 [57 Cal.Rptr. 95, 25 A.L.R.3d 1162].)

■ We turn now to the substantive issue, namely whether or not there exists an agreement to arbitrate a controversy under the uninsured motorist coverage of the Hawaiian policy. In the absence of express findings of fact and conclusions of law our decision as to the validity of the trial court's implied finding to the contrary must be determined as a matter of law from the record. (*A. D. Hoppe Co.* v. *Fred Katz Constr. Co., supra,* 249 Cal.App.2d 154, 159.)

It is alleged in the amended petition that defendant Hawaiian Insurance Company had, prior to April 5, 1973, issued an automobile liability policy to petitioner William M. Pagett containing uninsured motorist coverage and a provision for arbitration. The pertinent parts of the Hawaiian policy provide:

"Damages for Bodily Injury Caused by Uninsured Automobiles: The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called 'bodily injury', sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration. . . . (c) 'uninsured automobile' means: (1) an automobile with respect to the ownership, maintenance, or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder. . . . 8. Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

The stipulation of facts provides:

"1. That the Petition For Order Compelling Arbitration involves an automobile vs pedestrian accident that occurred April 5, 1973 at the intersection of 8th Street and Manhattan Blvd. in the City of Manhattan Beach.

2. That said accident involved a collision between a 1970 Chevrolet automobile then owned and operated by one PAUL JEROME DELLSITE and pedestrians JOAN PAGETT and SEAN PAGETT. As a result of the accident

JOAN PAGETT was killed and SEAN PAGETT was injured. SEAN PAGETT, DARWIN WILLIAM PAGETT and WILLIAM M. PAGETT are heirs of JOAN PAGETT.

3. That PAUL JEROME DELLSITE and the 1970 Chevrolet he was driving was insured for liability in the amounts of $15,000.00 per person and $30,000.00 per accident. Such policy was in full force and effect as of the time of the accident and complied with the Financial Responsibility laws.

4. That the insurance carrier for PAUL JEROME DELLSITE and the 1970 Chevrolet has paid to plaintiffs-petitioners their full policy limits ($30,000.00) in settlement of a wrongful death action by the heirs and in settlement for SEAN PAGETT's injuries.

5. That there were no vehicles involved in the accident other than the 1970 Chevrolet owned and operated by PAUL JEROME DELLSITE."

Turning to the ruling itself, we have little trouble in affirming the order denying the petition to arbitrate. By definition it is provided in the policy that, under the uninsured motorist coverage, Hawaiian is to pay on behalf of the owner of an uninsured automobile, damage "caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . ." An uninsured automobile is defined as one pertaining to which there is "no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile. . . ." The stipulated facts disclose that the only vehicle involved in the accident was a 1970 Chevrolet owned and being operated by one Paul Jerome Dellsite. This vehicle was insured for the legally required limits of 15/30,000 dollars. The full policy limit was paid to petitioners. It is clear that as a matter of law no agreement to arbitrate existed for the simple reason that the uninsured motorist coverage of petitioners' policy was not available because there was bodily injury coverage on the Dellsite car. Furthermore, there is no merit to the suggestion that Pagett's uninsured motorist coverage was available as excess insurance. Support for this conclusion is found in the recent case of *Traveler's Ins. Co.* v. *Bouzer,* 39 Cal.App.3d 992 [114 Cal.Rptr. 651], wherein, under similar facts, it was determined that uninsured motorist coverage was not available to the insured, the court saying at page 995: "To accept defendant's proposition would effectually convert uninsured motorist coverage into a policy of excess accident insurance, and not excess insurance with any fixed limits, but insurance 'open ended' at least to the limits of the uninsured motorist

coverage. That is not the coverage for which the insured paid a premium, nor would it conform to any rational public policy. We hesitate to contemplate what premiums insured motorists would have to pay for uninsured motorist coverage should this court declare that to be the proper interpretation of the legislative intent."

Having impliedly determined that no agreement to arbitrate existed the trial court properly proceeded to deny the petition.

The order of December 10, 1973, denying the petition for order compelling arbitration is affirmed.

Ford, P. J., and Dell, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.