**STATE FARM MUTUAL AUTOMO-BILE, INSURANCE COMPANY, Petitioner,**

v.

**Sheldon B. FERNANDEZ, Respondent.**

No. CV 82–0042.

United States District Court, D. Hawaii.

July 18, 1983.

James Kawashima and Randall Y. Yamamoto of Kobayashi, Watanabe, Sugita & Kawashima, Honolulu, Hawaii, for petitioner State Farm.

Craig K. Furusho and Bruce M. Ito of Libkuman, Ventura, Ayabe & Hughes, Honolulu, Hawaii, for respondent Fernandez.

## JUDGMENT

DAVID W. WILLIAMS, Senior District Judge: *

On June 13, 1981 at approximately 2 a.m., plaintiff Fernandez and his father were leaving a club on the Kekaha Naval Base in plaintiff's Dodge pickup truck when another vehicle traveling in the opposite direction repeatedly flashed its headlights from high to low beam at plaintiff. Fernandez flashed his lights in response and, as the two cars passed, the other driver said something to plaintiff. Fernandez turned his truck around and caught up with the other driver who had pulled over to the side of the road. Plaintiff exited his vehicle and approached the other car, which was parked a few feet away. The unknown driver of the other car got out, stabbed plaintiff in the stomach with a knife, and fled. A sentry in a nearby guard house witnessed a part of the affray, but did not apprehend the offender.

Fernandez was the named insured in a policy with defendant State Farm which provided for no-fault benefits as defined in Chapter 294 of the Hawaii Revised Statutes; the policy was in full force and effect on the date of the occurrence. Plaintiff's claim for benefits was rejected by State Farm, who contended that, at the time of the injury, Fernandez was not operating, maintaining or using his vehicle as defined in Chapter 294 of the Hawaii Revised Statutes.

This case was originally filed in the Hawaii Circuit Court but was removed here under diversity jurisdiction. Both parties seek summary judgment on the theory that the case involves only a question of statutory interpretation. Under Hawaii Rev.Stat. § 294–1 *et seq.*[1] and the terms of the insurance policy, Fernandez is entitled to personal injury protection benefits if he can establish that (1) he sustained accidental harm, and (2) that the harm arose out of a motor vehicle accident.

### I.

■ The insurer argues that an intentional stabbing does not constitute "accidental harm." This contention must be rejected. In *State Farm Fire & Casualty Company v. Tringali,* 686 F.2d 821 (9th Cir. 1982), State Farm sought a declaratory judgment that it had no obligation to defend or indemnify its insured who had intentionally driven his automobile into a stationary motorcycle on which the defendant was a passenger. In affirming the holding for the defendant, the Ninth Circuit stated that:

> [w]here compulsory automobile liability insurance statutes [such as Hawaii's] use the terms "accident" or "accidental" we should if possible, read those terms in a way that does not exclude intentional acts, or even intentional wrongs done by, the insured.

686 F.2d at 824.

### II.

Following *Tringali,* this court rules that Fernandez' injury, although deliberately inflicted, was "accidental" under § 294–2(1).

*Tringali* involved a collision between two vehicles and it does not help the court determine whether the instant accident was a "motor vehicle accident" under Hawaii's no-fault laws. A "motor vehicle accident" is defined as "an accident arising out of the operation, maintenance or use of a motor vehicle" in § 294–2(9), and is further refined in § 294–2(12) which provides:

---

* The Hon. David W. Williams, Senior District Judge for the Central District of California, sitting by designation as a visiting judge.

1. All further references to the Hawaii no-fault statute will be by section only.

"Operation, maintenance, or use" when used with respect to a motor vehicle includes occupying, entering into and alighting from it but does not include conduct in the course of loading or unloading the vehicle unless the accidental harm occurs in the immediate proximity of the vehicle, .... "

There is no Hawaiian case law to guide the court in determining whether this case involves a "motor vehicle accident." Nevertheless, most no-fault statutes contain operative language which is substantially identical to the Hawaii statute. The cases from these jurisdictions indicate that for an accident to "arise out of" the use of a motor vehicle, there must be a sufficient causal relationship between the injury and the use of the vehicle for transportation purposes.

Under Michigan's no-fault laws, this causal relationship need not be "proximate cause" in the strict sense, but the use of the vehicle must be at least one of the causes of the injury. *BASF Wyandotte Corp. v. Transport Ins. Co.*, 523 F.Supp. 515, 517 (E.D.Mich.1981). Similarly, Minnesota case law has interpreted the phrase "arising out of the use of a motor vehicle" to mean that the "injury is a natural and reasonable incident or consequence of the use of the vehicle." *Perry v. State Farm Insurance Co.*, 506 F.Supp. 130, 132 (D.Minn.1980). The Minnesota Supreme Court has stated:

> For an injury to "arise out of the use of a motor vehicle," it must be related causally to the employment of the vehicle for transportation purposes.

*Haagenson v. National Farmers Union Property and Casualty Co.*, 277 N.W.2d 648, 652 (Minn.1979).

Finally, in *Lewis v. Nationwide Ins. Co.*, 541 F.Supp. 951 (M.D.Pa.1982), the court denied no-fault insurance benefits to an insured who pulled his car to the side of a road to demonstrate with another driver who was tailgating him. When he exited his vehicle and walked back to the car at his rear, he was shot by its driver. The court reasoned that there must be a fairly close causal connection between the injury sustained and the insured vehicle because the act was designed to compensate victims of "vehicle caused injuries." 541 F.Supp. at 956.

The instant case is factually similar to *Lewis* in that injury was caused by a weapon, and sustained when the insured was neither "occupying," "entering into" nor "alighting from" his vehicle. When he was stabbed, Fernandez had already left his truck and was standing behind the vehicle. Moreover, at the time of his injury, plaintiff's actions had nothing to do with the use of his vehicle for transportation purposes. *See Haagenson, supra.* Plaintiff's clear intentions were (as in *Lewis*) to verbally and/or physically confront his assailant. The fact that the argument may have been precipitated by the assailant's and the plaintiff's driving is merely incidental to plaintiff's injury. *See e.g. National Family Ins. Co. v. Boyer*, 269 N.W.2d 10 (Minn. 1978).

The court therefore concludes that there is not a sufficiently close causal connection between plaintiff's injury and the use of his truck for the incident to be a "motor vehicle accident" under § 294–2(9) and (12). Defendant's motion for summary judgment is GRANTED and plaintiff's motion is DENIED.