**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,**

**v.**

**Sheldon B. FERNANDEZ and Marlene J. Mira, Defendants.**

**Civ. No. 83–484.**

United States District Court,
D. Hawaii.

March 21, 1984.

Clyde Wm. Matsui, Randall Y.S. Chung, Kevin P.H. Sumida, Honolulu, Hawaii, for plaintiff.

Craig K. Furusho, Honolulu, Hawaii, for defendants.

## OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

WILKINS, Senior District Judge of the United States District Court for the Eastern District of California, Sitting by Designation.

Plaintiff State Farm's motion for summary judgment came on for hearing February 13, 1984. There are no material issues of fact genuinely in dispute and State Farm has proved its right to judgment as a matter of law. Accordingly, summary judgment is granted in State Farm's favor. *See* Fed.R.Civ.P. 56(c).

### I.

The facts in this case are not disputed. On June 13, 1981, at about 2:00 a.m., defendant Fernandez left the Kekaha Navy Housing Club in his 1975 pick-up truck. As Fernandez approached the guard shack, another vehicle, operated by one Mark White, approached Fernandez's car from the opposite direction with its highlights on. Fernandez and White proceeded to flash their highlights on and off at each other. As White and Fernandez drew parallel to each other, they exchanged unfriendly words. Fernandez turned his truck around and began to pursue White. Fernandez shortly pulled alongside of White's vehicle, which was already stopped on the side of the road. The drivers left their vehicles and moved to the medial strip. In the course of the ensuing confrontation, White stabbed Fernandez in the stomach. Fernandez's knife wound is the subject of this case.

At all relevant times, defendants Fernandez and Mira were the named insureds under a policy of automobile insurance issued by State Farm. Around October 9, 1981, Fernandez made a claim for uninsured motorist benefits under the policy. State Farm denied the claim and has brought this declaratory judgment action to establish its rights and obligations under the policy's uninsured motorist provisions. *See* Fed.R.Civ.P. 57.

### II.

 In a companion case, *State Farm Mut. Auto. Ins. Co. v. Fernandez*, 567 F.Supp. 413 (D.Hawaii 1983) State Farm brought a declaratory judgment action to establish its obligation under the no-fault provision of the same insurance policy at issue here. In Civil No. 82–42, the court, per Judge David Williams, granted State Farm's motion for summary judgment holding that Fernandez's injury did not arise out of a motor vehicle accident within the meaning of Haw.Rev.Stat. §§ 294–2(9) and (12).

State Farm argues that Civil No. 82–42 bars defendants from relitigating here whether Fernandez's injury arose out of a motor vehicle accident.[1] "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to

---

1. State Farm argues that Civil No. 82–42 is a res judicata bar to this action. Civil No. 82–42 involved no-fault coverage and the construction of Haw.Rev.Stat. §§ 294–2(9) and (12); this case involves uninsured motorist coverage and the construction of Haw.Rev.Stat. § 431–448. Hence, collateral estoppel, not res judicata, is the appropriate doctrine if either is to be applied. *Compare, e.g.,* 21 Federal Procedure §§ 51:188 and 51:201 (L.Ed.1984) *with id.*

§ 51:212. Res judicata may be thought of as claim preclusion and collateral estoppel as issue preclusion. *See generally* Restatement (Second) of Judgments § 74 (Tent. Draft. No. 3, Apr. 15, 1976). Civil No. 82–42 did not deal with an uninsured motorist benefits claim, and thus it cannot be a res judicata bar to the present claim. It may, however, have dealt with some of the same issues, and, if so, it may collaterally estop relitigation of those same issues here.

the prior litigation." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979).

In Civil No. 82–42, the court construed definitional subsections of Hawaii's no-fault statute to arrive at the conclusion that Fernandez's injury did not arise out of an automobile accident. In the present case, the no-fault statute is not implicated. Any recovery will be under the uninsured motorist coverage and statute. Moreover, construction of the no-fault statute does not necessarily control construction of the uninsured motorist statute, even where the statutes are similarly worded. Obviously, the same words in different statutes and in different contexts do not necessarily mean the same things. An analysis is necessary to expose the differences and similarities. Thus, the court cannot rule ab initio that the identical issue was presented in Civil No. 82–42 and this case. The language in Haw.Rev.Stat. §§ 294–2(9) and (12) (no-fault) and Haw.Rev.Stat. § 431–448 (uninsured motorist) is in many respects similar, so Civil No. 82–42 will be instructive. Nevertheless, the issues in the two cases are not identical. Collateral estoppel will not bar the defendants from litigating the issues necessary to a decision in this case.

### III.

■ Section III of the State Farm policy provides for coverage where the insured sustains injury caused by an accident[2] arising out of the ownership, maintenance or use of an uninsured motor vehicle. The issue here is whether Fernandez's injury resulted from such ownership, maintenance or use. There is no Hawaii law to guide the court in making such a determination. Analogies in this and other jurisdictions do, however, exist.

First, *State Farm Mut. Auto. Ins. Co. v. Fernandez*, 567 F.Supp. 413 (D.Hawaii

1983), while not conclusive, is certainly instructive on the meaning of the terms ownership, maintenance or use. Civil No. 82–42 construed those words within the framework of Hawaii's no-fault statute. The court held that Fernandez's injury did not grow out of the use, ownership or maintenance of an automobile. Specifically, the court found that the use of Fernandez's vehicle was merely incidental to his injury. When White stabbed Fernandez, both men were outside of their vehicles, and the ownership, maintenance or use of the vehicle was no longer relevant. Fernandez left his truck to confront White either physically or orally. There is not a sufficiently close causal connection between Fernandez's injury and the use of his truck to call the policy or statutory no-fault provisions into play.

Importantly, there is nothing to suggest that the terms ownership, maintenance or use are given especially narrow construction in the no-fault scheme. On the contrary, they are read expansively to find coverage where possible. *Cf., e.g., Great Lakes Transit Corp. v. Interstate S.S. Co.*, 301 U.S. 646, 652–53, 57 S.Ct. 915, 917–18, 81 L.Ed. 1318 (1937) (ambiguity in insurance contract construed to give effect to contract's dominant purpose); *Alexander v. Home Ins. Co. of Hawaii, Ltd.*, 27 Hawaii 326, 328 (1923) (ambiguity in insurance contract strictly construed against insurer). Yet even under such a liberal reading, Civil No. 82–42 held that the terms did not encompass the circumstances surrounding Fernandez's injury. A similar reading of the terms is called for in this case, which must necessarily construe the terms in the uninsured motorist scheme.

Second, sister jurisdictions have adopted a reading of ownership, use or maintenance of a motor vehicle which this court finds persuasive. Specifically, the injury suf-

---

**2.** Haw.Rev.Stat. § 431–448, in contrast to the policy, does not contain an express requirement that the injury be accidental. A requirement of an accident is, in any event, easily satisfied. The Ninth Circuit has told us that "accidental injury" includes intentional injury. *See State Farm Fire & Cas. Co. v. Tringali*, 686 F.2d 821,

824 (9th Cir.1982). Thus, the requirement of accidental injury in this case would not be a significant hurdle to recovery. *See State Farm Mut. Auto. Ins. Co. v. Fernandez*, 567 F.Supp. 413 at 414 (D.Haw.1983). The court is not, however, required to reach that question here.

fered must be caused by a motor vehicle in order to arise out of its ownership, maintenance or use. In the present case, Fernandez's injury was not caused in any meaningful way by an automobile. It was caused by the combination of a knife and White's flared temper. *See, e.g., Mangum v. Weigel,* 393 So.2d 871, 873 (La.App.1981) (battery interrupts chain of events, so injury does not arise out of ownership, maintenance, or use of a motor vehicle); *Day v. State Farm Mut. Ins. Co.,* 261 Pa.Super. 216, 396 A.2d 3, 5 (1978) (same).

Fernandez cites two California cases to establish the necessary causal connection with the use of a motor vehicle. The court finds neither case persuasive or applicable. In *National Amer. Ins. Co. v. Insurance Co. of N. Amer.,* 74 Cal.App.3d 565, 140 Cal.Rptr. 828 (1977), several teenagers drove around in an automobile throwing eggs at various targets. One of their targets, a pedestrian, was hit in the eye and blinded. The California court found a sufficient nexus to the use of a car to apply the policy. As the court expressly pointed out, however, the car was crucial to the egging expedition; the eggs were thrown from a *moving* vehicle. The principal cause of the severity of the pedestrian's injury and the virtual sine qua non of the entire endeavor was the use of a moving vehicle. Had the teenagers stopped and left the car on the roadside and then thrown eggs on foot, the case would have been different and more analogous to the present one. *Id.* at 571–72, 140 Cal.Rptr. at 832. In the present case, the cars were parked and the combatants had left them. The car was in no way an instrumentality or aggravating factor of Fernandez's injury. Likewise, in *National Indem. Co. v. Farmer's Home Mut. Ins. Co.,* 95 Cal. App.3d 102, 157 Cal.Rptr. 98 (1979), a child was hit by a car as he jumped out of another stationary car. Once again, the instrumentality of injury was a car. Here, we have no such case. No car was used as an instrumentality of Fernandez's injury, nor did a car enhance or make more likely any injury.

The court finds that Fernandez's injury did not arise out of the ownership, maintenance or use of a motor vehicle within the meaning of section III of the State Farm policy or within the meaning of Haw.Rev. Stat. § 431–448.

## IV.

■ The State Farm policy contains an arbitration clause that pertains to the policy's uninsured motorist benefits. *See* Policy Conditions ¶ 10. That clause provides in relevant part:

> If any person making claim under coverage U [uninsured motorist coverage] and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle because of bodily injury to the insured, or do not agree as to the amount payable hereunder, then each party shall, upon written demand of either, select a competent and disinterested arbitrator ... [to issue a binding decision].

Written agreements to arbitrate controversies are enforceable. Haw.Rev.Stat. §§ 658–1 and 658–2. The court's role is limited to determining whether the parties agreed to arbitrate the existing controversy. *See, e.g., Pagett v. Hawaiian Ins. Co.,* 45 Cal.App.3d 620, 624, 119 Cal.Rptr. 536, 539 (1975). There is no Hawaii law to guide the court in determining whether Fernandez and State Farm agreed to submit this controversy to arbitration, so the court will look to analogous law from other jurisdictions.

■ The State Farm policy's arbitration provision speaks in terms of arbitrating disagreements over a claimant's "legal[ ] entitlement to recover damages from the owner or operator of an uninsured motor vehicle ... [or any] amount payable ...." The court is persuaded that these terms refer to the issues of the uninsured driver's liability resulting from an accident and the amount of damages. The terms neither expressly nor impliedly refer to the question of coverage. This reading of the policy comports with the law in other jurisdic-

tions holding that such clauses apply to the questions of liability and damages, but not to the question of coverage. *See, e.g., Hartford Accident & Indem. Co. v. Novak,* 83 Wash.2d 576, 520 P.2d 1368, 1374 (1974); *Midwestern Mut. Ins. Co. v. Santiesteban,* 287 So.2d 665, 667 (Fla.1973). Where the undisputed facts show that uninsured motorist coverage does not apply to the claim, the court of course need not order arbitration of liability and damages. *See, e.g., Pagett v. Hawaiian Ins. Co.,* 45 Cal.App.3d 620, 625–27, 119 Cal.Rptr. 536, 539–41 (1975).

Since Fernandez and State Farm did not agree to arbitrate the question of coverage presented here, the issue is appropriate for judicial resolution. Fernandez's injury did not arise out of the ownership, maintenance or operation of a motor vehicle. Fernandez cannot, therefore, recover uninsured motorist benefits under his insurance policy with State Farm.

### V.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is GRANTED.